

2001 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-7-2001

# Smith v. Davis

Precedential or Non-Precedential:

Docket 00-3268

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2001

Recommended Citation

"Smith v. Davis" (2001). *2001 Decisions.* Paper 99.
http://digitalcommons.law.villanova.edu/thirdcircuit_2001/99

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2001 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

Filed May 7, 2001

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 00-3268

RODNEY SMITH,
        Appellant

v.

JAMES M. DAVIS, individually and as Dir ector of the
Domestic Relations Section, Luzerne County Court of
Common Pleas; JOHN P. MULROY, individually and as
the Court Personnel coordinator for the Luzer ne County
Court of Common Pleas; JOSEPH COTTER, individually
and as the Supervisor of the Enforcement Of ficers for the
Domestic Relations; COURT OF COMMON PLEAS OF
LUZERNE COUNTY; LUZERNE COUNTY

On Appeal from the United States District Court
for the Middle District of Pennsylvania

District Judge: James M. Munley
(D.C. Civ. No. 96-cv-02223)

Argued: March 13, 2001

Before: ALITO and RENDELL, Circuit Judges,
SCHWARZER, Senior District Judge*

(Filed: May 7, 2001)

_____

* The Honorable William W Schwarzer , Senior United States District
Judge for the Northern District of Califor nia, sitting by designation.

PETER G. LOFTUS, ESQUIRE
  (ARGUED)
The Loftus Law Firm, P.C.
P.O. Box V, 1207 Main Street
Waverly, PA 18471

Attorney for Rodney Smith, Appellant

SEAN P. McDONOUGH, ESQUIRE
  (ARGUED)
75 Glenmaura National Boulevard
Moosic, PA 18507

Attorney for JAMES M. DAVIS,
individually and as Director of the
Domestic Relations Section, Luzerne
County Court of Common Pleas
Section, Luzerne County of Common
Pleas; JOHN P. MULROY, individually
and as the Court Personnel
Coordinator for the Luzerne County
Court of Common Pleas; JOSEPH
COTTER, individually and as the
Supervisor of the Enforcement
Officers for the Domestic Relations;
COMMON PLEAS COURT OF
LUZERNE COUNTY, Appellees.

OPINION OF THE COURT

SCHWARZER, Senior District Judge.

Rodney Smith brought this civil rights action against
James M. Davis, Director of the Domestic Relations Section,
Luzerne County Court of Common Pleas, and other county
officers (the defendants), alleging violations of the
Americans with Disabilities Act, 42 U.S.C. S 12101 (ADA),
Title VII of the Civil Rights Act of 1964, 42 U.S.C. SS 2000e-
2000e-17, 42 U.S.C. SS 1983, 1988, 1985 and 1986, and
the Pennsylvania Human Relations Act. Smith, an African-
American male with a disability (alcoholism), was employed
by the County as a Probation Enforcement Officer from
March 6, 1989 until November 8, 1995, when he was

terminated. The district court granted summary judgment dismissing all of Smith's claims.

THE ADA CLAIM

The district court determined that Smith had failed to establish a prima facie case under the ADA because he was not a "qualified individual" within the meaning of the Act. See Gaul v. Lucent Technologies, Inc., 134 F.3d 576, 580 (3d Cir. 1998). It found that Smith had a history of absenteeism which rendered him not qualified to per form his job because he was unable to meet the attendance requirements. It relied on the following facts: that on two occasions in April and May 1995, Smith left work early without prior approval; that from June thr ough September 1995, defendants became increasingly concer ned with respect to excessive sick leave being utilized by Smith and complaints from employees that Smith fr equently smelled of alcohol; and that in October and November 1995, Smith left work early claiming he was sick but was later spotted at drinking establishments.

An employee who does not come to work on a r egular basis is not "qualified," Tyndall v. National Educ. Centers, 31 F.3d 209, 213 (4th Cir. 1994), and an employer is not obligated to accommodate absenteeism attributable to alcoholism. See 42 U.S.C. S 12114(c); Salley v. Circuit City Stores, Inc., 160 F.3d 977, 981 (3d Cir. 1998). However, the District Court in this case erred in granting summary judgment in favor of the defendants on the gr ound that Smith failed to show that he was "qualified" for his position and thus failed to make out a prima facie case on his ADA claim. Smith admitted some of the facts on which the District Court relied but denied others, in particular that he left work without prior approval. When the summary judgment record is viewed in the light most favorable to Smith, we cannot say that a reasonable factfinder would have to conclude that Smith was unqualified due to excessive absenteeism. Therefore, this factual issue will need to be resolved at trial. See St. Mary's Honor Center v. Hicks, 509 U.S. 502, 509-10 (1993).

Although Luzerne County is not entitled to summary judgment on the ground that Smith failed to make out a

3

prima facie case, Luzerne County would nonetheless be entitled to summary judgment if it made a showing that Smith's firing was for a legitimate reason, and Smith, in turn, failed to create a genuine issue r egarding that issue. Accordingly, we must examine whether Luzer ne County has shown a legitimate reason for Smith's ter mination. It is undisputed that Smith was told he was terminated for "violation of Luzerne County's drug and alcohol policy." The declarations submitted by his two supervisors, Cotter and Mulroy, simply state that he was informed he was terminated "as a result of his violation of Luzerne County's Drug and Alcohol Policy." However, ther e does not seem to be anything in the summary judgment recor d specifying precisely what aspect of this policy Smith was found to have violated. The appellees' brief contends, and the District Court agreed, that Smith was fir ed for absenteeism, but the supervisors' declarations do not mention absenteeism, and the drug and alcohol policy contains no provision about absenteeism or sick leave that applies to Smith's termination. While absenteeism may have been what defendants had in mind when they terminated him, there is a genuine issue as to whether this r eason was legitimate or pretextual, particularly since there is evidence that Smith performed his duties to the apparent satisfaction of his supervisors for over six years and carried a case load substantially higher than his coworkers. It may be that Smith was fired for some other legitimate reason related to alcohol use, but without specific evidence that Smith was fired for such a reason, summary judgment in favor of the county cannot be sustained on those gr ounds.

The record thus raises an issue of fact as to whether Smith's termination was for a legitimate, nondiscriminatory reason or whether it was a pretext for discrimination in violation of the ADA. Because the explanation pr ovided by defendants--violation of the drug and alcohol policy--(apart from not being the ground on which summary judgment was granted) did not tell Smith what he did to bring about his termination, it is not legally sufficient to entitle defendants to judgment as a matter of law. Cf. T exas Dept. of Community Affairs v. Burdine, 450 U.S. 248, 254-55 (1981); see also Impact v. Firestone, 893 F.2d 1189, 1194 (11th Cir. 1990) ("Appellant next ar gues that the record is

4

replete with nondiscriminatory reasons for[its employment actions] . . . . The difficulty here, however, is that the defendant never articulated to the magistrate that these were in fact the reasons for the particular challenged action") (quoting Uviedo v. Steves Sash & Door Co., 738 F.2d 1425, 1429 (5th Cir. 1984).) 1

TITLE VII

The District Court found that defendants had pr offered a legitimate, nondiscriminatory reason for ter minating Smith and that Smith had failed to demonstrate that the r eason-- absenteeism and violation of the drug and alcohol policy-- was merely pretextual.

It is not disputed that Smith established all but one of the elements of a prima facie case under Title VII: He is an African-American male, he was terminated, and he was replaced by a white female. See Fuentes v. Perskie, 32 F.3d 759 (3d Cir. 1994). What we have said above with respect to the remaining element--whether he was qualified for the job--and with respect to the reason for the termination that the defendants offered applies with equal force to this claim. Therefore, summary judgment in favor of the defendants on this claim cannot be affirmed.

RETALIATION

The District Court rejected Smith's retaliation claim for failure to show that he suffered an adverse employment action causally related to his filing a complaint with the Pennsylvania Human Relations Commission. Smith ar gues that harassment to which he was exposed befor e the filing of the complaint increased afterward. W e find no error in the dismissal of this claim.

INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

The District Court held that Smith's claim for intentional infliction of emotional distress was barr ed by the Pennsylvania Worker's Compensation Act, which provides

_____

1. Salley v. Circuit City Stores,Inc., 160 F.3d 977 (3d Cir. 1998),does not
support the summary judgment in this case. Summary judgment was granted there because Salley, who had admitted violating management policies, was a current drug user and ther efore unprotected by the ADA.

5

the sole remedy for injuries allegedly sustained during the course of employment. Smith does not challenge that ruling on appeal.

CLAIMS UNDER SS 1983, 1985, 1986 AND 1988

The District Court dismissed the S 1983 claim essentially because Smith's rights were not violated by his termination. In view of our reversal of the summary judgment on the civil rights claims, we will reverse the dismissal of the S 1983 claim as well.

CONSPIRACY

The District Court dismissed this claim for lack of evidence to support it. Smith does not challenge that ruling on appeal.

CONCLUSION

We reverse the judgment with respect to the ADA, Title VII, and S 1983 claims and remand for further proceedings. We affirm the judgment with r espect to the remaining claims.

REVERSED in part, AFFIRMED in part, and REMANDED.
Each party to bear its own costs.

A True Copy:
Teste:

      Clerk of the United States Court of Appeals
      for the Third Circuit