248 F.3d 249 (3rd Cir. 2001)
 RODNEY SMITH, Appellant
v.
JAMES M. DAVIS, individually and as Director of the Domestic Relations Section, Luzerne County Court of Common Pleas; JOHN P. MULROY, individually and as the Court Personnel coordinator for the Luzerne County Court of Common Pleas; JOSEPH COTTER, individually and as the Supervisor of the Enforcement Officers for the Domestic Relations; COURT OF COMMON PLEAS OF LUZERNE COUNTY; LUZERNE COUNTY
 No. 00-3268
 UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT
 Argued March 13, 2001
Filed May 7, 2001
 
 1
 [Copyrighted Material Omitted]
 
 
 2
 PETER G. LOFTUS, ESQUIRE (ARGUED), The Loftus Law Firm, P.C., Waverly, PA, Attorney for Rodney Smith, Appellant.
 
 
 3
 SEAN P. McDONOUGH, ESQUIRE (ARGUED), Moosic, PA, Attorney for JAMES M. DAVIS, individually and as Director of the Domestic Relations Section, Luzerne County Court of Common Pleas Section, Luzerne County of Common Pleas; JOHN P. MULROY, individually and as the Court Personnel Coordinator for the Luzerne County Court of Common Pleas; JOSEPH COTTER, individually and as the Supervisor of the Enforcement Officers for the Domestic Relations; COMMON PLEAS COURT OF LUZERNE COUNTY, Appellees.
 
 
 4
 Before: ALITO and RENDELL, Circuit Judges, SCHWARZER, Senior District Judge.*
 
 OPINION OF THE COURT
 
 5
 SCHWARZER, Senior District Judge.
 
 
 6
 Rodney Smith brought this civil rights action against James M. Davis, Director of the Domestic Relations Section, Luzerne County Court of Common Pleas, and other county officers (the defendants), alleging violations of the Americans with Disabilities Act, 42 U.S.C. 12101 (ADA), Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e-2000e-17, 42 U.S.C. 1983, 1988, 1985 and 1986, and the Pennsylvania Human Relations Act. Smith, an African-American male with a disability (alcoholism), was employed by the County as a Probation Enforcement Officer from March 6, 1989 until November 8, 1995, when he was terminated. The district court granted summary judgment dismissing all of Smith's claims.
 
 THE ADA CLAIM
 
 7
 The district court determined that Smith had failed to establish a prima facie case under the ADA because he was not a "qualified individual" within the meaning of the Act. See Gaul v. Lucent Technologies, Inc., 134 F.3d 576, 580 (3d Cir. 1998). It found that Smith had a history of absenteeism which rendered him not qualified to per form his job because he was unable to meet the attendance requirements. It relied on the following facts: that on two occasions in April and May 1995, Smith left work early without prior approval; that from June through September 1995, defendants became increasingly concerned with respect to excessive sick leave being utilized by Smith and complaints from employees that Smith frequently smelled of alcohol; and that in October and November 1995, Smith left work early claiming he was sick but was later spotted at drinking establishments.
 
 
 8
 An employee who does not come to work on a regular basis is not "qualified," Tyndall v. National Educ. Centers, 31 F.3d 209, 213 (4th Cir. 1994), and an employer is not obligated to accommodate absenteeism attributable to alcoholism. See 42 U.S.C. 12114(c); Salley v. Circuit City Stores, Inc., 160 F.3d 977, 981 (3d Cir. 1998). However, the District Court in this case erred in granting summary judgment in favor of the defendants on the ground that Smith failed to show that he was "qualified" for his position and thus failed to make out a prima facie case on his ADA claim. Smith admitted some of the facts on which the District Court relied but denied others, in particular that he left work without prior approval. When the summary judgment record is viewed in the light most favorable to Smith, we cannot say that a reasonable factfinder would have to conclude that Smith was unqualified due to excessive absenteeism. Therefore, this factual issue will need to be resolved at trial. See St. Mary's Honor Center v. Hicks, 509 U.S. 502, 509-10, 125 L. Ed. 2d 407, 113 S. Ct. 2742 (1993).
 
 
 9
 Although Luzerne County is not entitled to summary judgment on the ground that Smith failed to make out a prima facie case, Luzerne County would nonetheless be entitled to summary judgment if it made a showing that Smith's firing was for a legitimate reason, and Smith, in turn, failed to create a genuine issue regarding that issue. Accordingly, we must examine whether Luzerne County has shown a legitimate reason for Smith's termination. It is undisputed that Smith was told he was terminated for "violation of Luzerne County's drug and alcohol policy." The declarations submitted by his two supervisors, Cotter and Mulroy, simply state that he was informed he was terminated "as a result of his violation of Luzerne County's Drug and Alcohol Policy." However, there does not seem to be anything in the summary judgment record specifying precisely what aspect of this policy Smith was found to have violated. The appellees' brief contends, and the District Court agreed, that Smith was fired for absenteeism, but the supervisors' declarations do not mention absenteeism, and the drug and alcohol policy contains no provision about absenteeism or sick leave that applies to Smith's termination. While absenteeism may have been what defendants had in mind when they terminated him, there is a genuine issue as to whether this reason was legitimate or pretextual, particularly since there is evidence that Smith performed his duties to the apparent satisfaction of his supervisors for over six years and carried a case load substantially higher than his coworkers. It may be that Smith was fired for some other legitimate reason related to alcohol use, but without specific evidence that Smith was fired for such a reason, summary judgment in favor of the county cannot be sustained on those grounds.
 
 
 10
 The record thus raises an issue of fact as to whether Smith's termination was for a legitimate, nondiscriminatory reason or whether it was a pretext for discrimination in violation of the ADA. Because the explanation provided by defendants--violation of the drug and alcohol policy--(apart from not being the ground on which summary judgment was granted) did not tell Smith what he did to bring about his termination, it is not legally sufficient to entitle defendants to judgment as a matter of law. Cf. Texas Dept. of Community Affairs v. Burdine, 450 U.S. 248, 254-55, 67 L. Ed. 2d 207, 101 S. Ct. 1089 (1981); see also Increase Minority Participation by Affirmative Change Today, Inc. (IMPACT) v. Firestone, 893 F.2d 1189, 1194 (11th Cir. 1990) ("Appellant next argues that the record is replete with nondiscriminatory reasons for[its employment actions] . . . . The difficulty here, however, is that the defendant never articulated to the magistrate that these were in fact the reasons for the particular challenged action") (quoting Uviedo v. Steves Sash & Door Co., 738 F.2d 1425, 1429 (5th Cir. 1984).)[1]
 
 TITLE VII
 
 11
 The District Court found that defendants had proffered a legitimate, nondiscriminatory reason for terminating Smith and that Smith had failed to demonstrate that the reason--absenteeism and violation of the drug and alcohol policy--was merely pretextual.
 
 
 12
 It is not disputed that Smith established all but one of the elements of a prima facie case under Title VII: He is an African-American male, he was terminated, and he was replaced by a white female. See Fuentes v. Perskie, 32 F.3d 759 (3d Cir. 1994). What we have said above with respect to the remaining element--whether he was qualified for the job--and with respect to the reason for the termination that the defendants offered applies with equal force to this claim. Therefore, summary judgment in favor of the defendants on this claim cannot be affirmed.
 
 RETALIATION
 
 13
 The District Court rejected Smith's retaliation claim for failure to show that he suffered an adverse employment action causally related to his filing a complaint with the Pennsylvania Human Relations Commission. Smith argues that harassment to which he was exposed before the filing of the complaint increased afterward. We find no error in the dismissal of this claim.
 
 INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
 
 14
 The District Court held that Smith's claim for intentional infliction of emotional distress was barred by the Pennsylvania Worker's Compensation Act, which provides the sole remedy for injuries allegedly sustained during the course of employment. Smith does not challenge that ruling on appeal.
 
 CLAIMS UNDER 1983, 1985, 1986 AND 1988
 
 15
 The District Court dismissed the 1983 claim essentially because Smith's rights were not violated by his termination. In view of our reversal of the summary judgment on the civil rights claims, we will reverse the dismissal of the 1983 claim as well.
 
 CONSPIRACY
 
 16
 The District Court dismissed this claim for lack of evidence to support it. Smith does not challenge that ruling on appeal.
 
 CONCLUSION
 
 17
 We reverse the judgment with respect to the ADA, Title VII, and 1983 claims and remand for further proceedings. We affirm the judgment with respect to the remaining claims.
 
 
 18
 REVERSED in part, AFFIRMED in part, and REMANDED. Each party to bear its own costs.
 
 
 
 Notes:
 
 
 *
 The Honorable William W Schwarzer, Senior United States District Judge for the Northern District of California, sitting by designation.
 
 
 [1]
 Salley v. Circuit City Stores, Inc., 160 F.3d 977 (3d Cir. 1998), does not support the summary judgment in this case. Summary judgment was granted there because Salley, who had admitted violating management policies, was a current drug user and therefore unprotected by the ADA.