**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 08-2368

JOHN BLAKE,

Appellant

v.

UPMC PASSAVANT HOSPITAL; JOE KUZMA, individually and in his
capacity as a Department Supervisor with UPMC Passavant Hospital;
BRIAN KOOROS, individually and in his capacity as a Human Resources
Representative with UPMC Passavant Hospital

On Appeal from the United States District Court
for the Western District of Pennsylvania
District Court  No. 2-06-cv-00193
District Judge: The Honorable Terrence F. McVerry

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
September 16, 2010

Before: SLOVITER, BARRY, and SMITH, *Circuit Judges*

(Filed: September 17, 2010)

OPINION

SMITH, *Circuit Judge.*

John Blake was employed as a phlebotomist at defendant UPMC Passavant Hospital ("UPMC"). During his initial 180-day probationary period, he was absent from work a number of times. His absenteeism was addressed as a concern by superiors and a leave plan was worked out. After quite a few more absences, he informed his superiors that he suffered from bipolar disorder and other maladies and would continue to be in need of irregular absences. He continued to call out of work erratically, which UPMC addressed with progressive warnings, consistent with its disciplinary policy. Blake was eventually terminated consistent with that policy.

Blake filed this action seeking recovery under the Americans with Disabilities Act, 42 U.S.C. §§ 12101, *et seq.* ("ADA"), the Family and Medical Leave Act, 29 U.S.C. §§ 2601, *et seq.* ("FMLA"), and various state law causes of action. The District Court granted all defendants' motion for summary judgment, and Blake appeals.[1]

The ADA prohibits discrimination against qualified individuals, defined as

---

[1] The District Court had jurisdiction under 28 U.S.C. § 1331 for the federal claims and § 1367 for the state law claims, and we have jurisdiction under § 1291. We have plenary review over the District Court's entry of summary judgment. *Specialty Surfaces Int'l, Inc. v. Continental Cas. Co.*, 609 F.3d 223, 229 n.1 (3d Cir. 2010). Because Blake does not challenge the entry of summary judgment on his state law claims, we do not address them.

those able, with or without reasonable accommodation, to perform the essential functions of the job. 42 U.S.C. §§ 12112(a), 12111(8). Likewise, the FMLA prohibits interference with certain rights of individuals able to perform the essential functions of their positions. *Rinehimer v. Cemcolift, Inc.*, 292 F.3d 375, 384 (3d Cir. 2002) (citing 29 C.F.R. § 825.214(b) (2001)). Thus, under each statute the ability to perform the essential functions of the job is a prerequisite to protection.

Blake was unpredictably absent from work on numerous days. He admits that his condition giving rise to such absences is permanent and his absences will thus continue. The District Court correctly concluded that Blake was not qualified for his position as a phlebotomist because he could not attend work regularly. *Smith v. Davis*, 248 F.3d 249, 251 (3d Cir. 2001) ("An employee who does not come to work on a regular basis is not 'qualified.'") (citation omitted). Therefore, his claims under the ADA and FMLA must fail.

Thus, we will affirm the judgment of the District Court.