

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-4-2008

# Bolden v. Magee Womens Hosp

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-2545

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Bolden v. Magee Womens Hosp" (2008). *2008 Decisions.* Paper 1064.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1064

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

Case No: 07-2545

CAROLE C. BOLDEN,

Appellant

v.

MAGEE WOMEN'S HOSPITAL OF THE
UNIVERSITY OF PITTSBURGH
MEDICAL CENTER

On Appeal from the United States District Court
for the Western District of Pennsylvania
District Court No. 2:05-cv-01063
District Judge: The Honorable Terrence F. McVerry

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
May 21, 2008

Before: SMITH and NYGAARD, *Circuit Judges*,
and STAFFORD, *District Judge*[*]

(Filed: June 4, 2008)

OPINION

STAFFORD, *District Judge*.

Carole C. Bolden appeals the District Court's summary judgment in favor of

---

[*]The Honorable William H. Stafford, Jr., Senior United States District Judge for the Northern District of Florida, sitting by designation.

Bolden's former employer, Magee Women's Hospital of the University of Pittsburgh Medical Center ("Magee"). We will affirm the judgment of the District Court.

Bolden worked in Magee's Radiology Department as a clinical support specialist for approximately four years. After she injured her arm in a non-work-related bus accident in mid-August of 2003, she took a leave of absence from her job under the Family and Medical Leave Act ("FMLA"). Bolden was informed that her FMLA leave would expire on November 6, 2003. In December of 2003, when Bolden was still out of work and unable to say when she would return, Magee began seeking applicants for Bolden's position. Someone was hired to fill Bolden's position in early January of 2004.

On January 23, 2004, after her position was filled, Bolden was released to return to work with a 10-pound lifting restriction on her left arm. Bolden was advised to look for open positions on the Magee job hotline and the University of Pittsburgh Medical Center's website. Because hospital policy precluded leaves of absence in excess of six months in any twelve-month period, Bolden had until mid-March to transfer to another position. When she failed to meet that deadline, her employment was terminated.

Bolden filed a claim with the Equal Employment Opportunity Commission ("EEOC") on November 23, 2004, alleging disability discrimination in violation of the Americans with Disabilities Act of 1990 ("ADA"), as amended, 42 U.S.C. §§ 12101-12213. After the EEOC dismissed her charge, Bolden filed suit in federal court, alleging that Magee discriminated against her on the basis of a disability and that Magee failed to accommodate her disability. On Magee's motion for summary judgment, the District

2

Court determined—among other things—that Bolden failed to establish that she had a qualifying disability for purposes of the ADA. The District Court accordingly entered judgment in Magee's favor, and this appeal followed.[1]

We exercise plenary review over the district court's grant of summary judgment. *Bowers v. Nat'l Collegiate Athletic Ass'n*, 475 F.3d 524, 535 (3d Cir. 2007). We will affirm a grant of summary judgment if there are no issues of disputed material fact and the moving party is entitled to judgment as a matter of law. *Id.*

Under the ADA, the term "disability" means "a physical or mental impairment that substantially limits one or more of the major life activities of [an] individual." 42 U.S.C. § 12102(2); 29 C.F.R. § 1630.2(g). In *Toyota Motor Manufacturing, Kentucky, Inc. v. Williams*, 534 U.S. 184 (2002), the Supreme Court concluded that the terms used in defining "disability" under the ADA "need to be interpreted strictly to create a demanding standard for qualifying as disabled." *Id.* at 197. The Court further concluded that the term "substantially" in the phrase "substantially limits" suggests "considerable" or "to a large degree." *Id.* at 196. Similarly, we have held that "only extremely limiting disabilities—in either the short or long-term—qualify for protected status under the ADA." *Marinelli v. City of Erie, Pa.*, 216 F.3d 354, 362 (3d Cir. 2000).

"[T]emporary, non-chronic impairments of short duration, with little or no long term or permanent impact, are usually not disabilities." 29 C.F.R. Pt. 1630, App., §

---

[1] The District Court exercised jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343. Appellate jurisdiction exists under 28 U.S.C. § 1291.

1630.2(j).  As explained by the Fourth Circuit:

> Applying the protections of the ADA to temporary impairments . . . would work a significant expansion of the Act.  The ADA simply was not designed to protect the public from all adverse effects of ill-health and misfortune.  Rather, the ADA was designed to "assure [ ] that truly disabled, but genuinely capable, individuals will not face discrimination in employment because of stereotypes about the insurmountability of their handicaps.  Extending the statutory protections available under the ADA to individuals with broken bones, sprained joints, sore muscles, infectious diseases, or other ailments that temporarily limit an individual's ability to work would trivialize this lofty objective.

*Halperin v. Abacus Tech. Corp.*, 128 F.3d 191, 200 (4th Cir. 1997), *abrogated in part on unrelated grounds by Baird ex rel. Baird v. Rose*, 192 F.3d 462 (4th Cir. 1999).  We have likewise recognized that a "transient, nonpermanent condition," *McDonald v. Commonwealth*, 62 F.3d 92, 97 (3d Cir. 1995), and "a temporary, non-chronic impairment of short duration," *Rinehimer v. Cemcolift, Inc.*, 292 F.3d 375, 380 (3d Cir. 2002), are not disabilities covered by the ADA.  *See also Colwell v. Suffolk County Police Dep't*, 158 F.3d 635, 646 (2d Cir. 1998) (holding that an impairment lasting seven months was of too brief a duration to be a disability under the ADA); *Sanders v. Arneson Prods.*, 91 F.3d 1351, 1354 (9th Cir. 1996) (same, three and one-half months).

Here, the evidence establishes that Bolden suffered an arm injury constituting a temporary, non-chronic impairment of brief duration, with no long term or permanent effect.  Within four months of her accident, she was able to resume many of her activities; within five months, she was able to resume most of her activities; within seven months, she was able to resume all of her activities without restriction.  The District Court

4

correctly determined that no reasonable juror could find that Bolden had a "disability" within the meaning of the ADA. The District Court also correctly found that, because Bolden did not have a qualifying disability, Magee had no duty to accommodate her or to engage in an interactive process with her.

We will affirm the judgment of the District Court.