

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-21-2008

# Nicholson v. W Penn Alghny Health

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-4354

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Nicholson v. W Penn Alghny Health" (2008). *2008 Decisions.* Paper 341.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/341

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-4354
_____

TERRI NICHOLSON,

Appellant

v.

WEST PENN ALLEGHENY HEALTH SYSTEM
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. No. 06-cv-00814)
District Judge:  Honorable Gary L. Lancaster
_____

Submitted Under Third Circuit LAR 34.1(a)
September 29, 2008

Before:  FISHER, CHAGARES and HARDIMAN, *Circuit Judges*.

(Filed: October 21, 2008)
_____

OPINION OF THE COURT
_____

FISHER, *Circuit Judge*.

Plaintiff Terri Nicholson brought an employment discrimination action against

defendant West Penn Allegheny Health System (West Penn), alleging that West Penn

discriminated against her due to her disability.  The District Court granted West Penn's

motion for summary judgment. Nicholson appeals the District Court's order. For the reasons set forth below, we will affirm.

I.

We write exclusively for the parties, who are familiar with the factual context and legal history of this case. Therefore, we will set forth only those facts necessary to our analysis.

Terri Nicholson was employed as a registered nurse at Allegheny Specialty Practice Network, which is affiliated with West Penn. Following a January 2005 incident in which she was a victim of a violent crime, Nicholson began suffering from post-traumatic stress disorder (PTSD) and depression. As a result, she sought medication and other treatment, but also resorted to alcohol. Nicholson informed Dr. Lara Kunschner, a doctor for whom she worked, of the January incident and appeared at Dr. Kunschner's house intoxicated on several occasions. Dr. Kunschner told the Human Resources department of Nicholson's alcohol problems.

Starting in April 2005, Nicholson began requesting medical leave time. Human Resources granted each of her requests. In June 2005, following one leave, Nicholson met with several personnel members and signed a Last Chance Agreement, which stated that should she fail to comport with its terms – one of which was to not consume any alcohol – her employment could be terminated. In February 2006, Nicholson did consume alcohol and telephoned a coworker while under the influence. Nicholson was

2

admitted to Sewickley Valley Hospital and took additional medical leave. In March 2006, Nicholson met with Joanne Menzer of Human Resources who informed her that since she violated the Last Chance Agreement by consuming alcohol, her employment was terminated.

Nicholson brought an employment discrimination action in the District Court for the Western District of Pennsylvania against West Penn alleging violations of section 504 of the Rehabilitation Act and the Family and Medical Leave Act (FMLA), asserting that West Penn terminated her employment due to her disability and her taking medical leave. West Penn moved for summary judgment and Nicholson moved for partial summary judgment. In her response to West Penn's motion, Nicholson stipulated to dismissing her FMLA claim. On October 23, 2007, the District Court granted West Penn's motion for summary judgment, finding that Nicholson failed to set forth a prima facie case of discrimination pursuant to the Rehabilitation Act. Nicholson timely appealed the District Court's order.

II.

The District Court had jurisdiction over this case pursuant to 28 U.S.C. § 1331 and we have jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review where a district court grants a motion for summary judgment. *Boyle v. County of Allegheny*, 139 F.3d 386, 393 (3d Cir. 1998). Summary judgment should be granted "if the pleadings, the discovery and the disclosure materials on file, and any affidavits show that there is no

genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). We will construe "all of the facts and inferences in the light most favorable to the nonmoving party." *Peters v. Del. River Port Auth.*, 16 F.3d 1346, 1349 (3d Cir. 1994).

III.

Nicholson argues on appeal that the District Court erred in granting the defendant's motion for summary judgment and dismissing Nicholson's Rehabilitation Act claim. Section 504 of the Rehabilitation Act states in part:

> "No otherwise qualified individual with a disability in the United States . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance . . . ."

29 U.S.C. § 794(a). It is not disputed that Allegheny Specialty Practice Network received federal funding while Nicholson was employed, thereby implicating section 504 protection for its employees.

In order to establish a prima facie case of discrimination under the Rehabilitation Act,[1] a plaintiff employee "must initially show '(1) that he or she has a disability; (2) that he or she is otherwise qualified to perform the essential functions of the job, with or without reasonable accommodations by the employer; and (3) that he or she was

---

[1]In analyzing whether there has been a section 504 violation, the standards used for claims brought pursuant to Title I of the Americans with Disabilities Act of 1990 are to be applied. 29 U.S.C. § 794(d).

nonetheless terminated or otherwise prevented from performing the job.'" *Wishkin v. Potter*, 476 F.3d 180, 184-85 (3d Cir. 2007) (quoting *Shiring v. Runyon*, 90 F.3d 827, 831 (3d Cir. 1996)). If the plaintiff establishes a prima facie case, the burden then shifts to the defendant employer to rebut the presumption of discrimination by "articulat[ing] some legitimate, nondiscriminatory reason for the employment action." *Id.* at 185. Where the defendant sufficiently does so, the plaintiff must show that the defendant's proffered reason is "pretextual." *Id.*

The District Court determined that Nicholson failed to establish that she suffered from a "disability." As used in the Rehabilitation Act, an "individual with a disability" is someone who "(i) has a physical or mental impairment which substantially limits one or more of such person's major life activities; (ii) has a record of such an impairment; or (iii) is regarded as having such an impairment." 29 U.S.C. § 705(20)(B). Nicholson argues that the District Court erred in concluding there were no genuine issues of material fact about whether her PTSD, depression, and alcohol abuse substantially impaired her ability to perform major life activities. She also asserts that she established a record of a disability. Further, Nicholson claims that she was "regarded as" having a disability. Upon reviewing the record, we conclude that Nicholson's arguments fail.

First, the District Court correctly determined Nicholson did not sufficiently establish she was substantially limited in performing one or more major life activities. A condition is a substantial limitation on a major life activity if it renders the person

5

incapable of performing, or "[s]ignificantly restrict[s] as to the condition, manner or duration under which an individual can perform," a major life activity "that the average person in the general population can perform." 29 C.F.R. § 1630.2(j)(1)(i)-(ii). Major life activities are those functions "that are of central importance to daily life," *Toyota Motor Mfg., Ky., Inc. v. Williams*, 534 U.S. 184, 197 (2002), encompassing fundamental acts "such as caring for oneself, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working," 29 C.F.R. § 1630.2(i). Where a plaintiff seeks to establish that his or her condition substantially limits his or her ability to work, that plaintiff "must, at a minimum, allege that he or she is 'unable to work in a broad class of jobs.'" *Tice v. Ctr. Area Transp. Auth.*, 247 F.3d 506, 512 (3d Cir. 2001) (quoting *Sutton v. United Air Lines, Inc.*, 527 U.S. 471, 491 (1999)).

Here, Nicholson did not show that her PTSD, depression, or alcohol abuse substantially limited any major life activity. At her deposition, Nicholson testified that her depression and PTSD invoked "flashbacks" and "intrusive thoughts," but the record does not show Nicholson satisfied the "demanding standard for qualifying as disabled." *Toyota Motor Mfg.*, 534 U.S. at 197. On appeal, Nicholson argues specifically that her conditions prevented her from working, pointing to her incidents of FMLA medical leave. The District Court aptly determined, though, that the fact that an employee receives FMLA medical leave does not equate to a finding that he or she is disabled for Rehabilitation Act purposes. As stated in 29 C.F.R. § 825.702(b), a "serious health

6

condition" under the FMLA is a "different concept[]" than the term "disability" and thus both "must be analyzed separately." Also, the record fails to indicate that Nicholson's conditions precluded her from working in a wide range of jobs; in fact, at the time of her deposition, she was employed full-time as a registered nurse at Jefferson Regional Medical Center.

Second, the District Court was correct when it found no genuine issue of material fact as to any record of Nicholson's impairment. To prove a record of a disability, a plaintiff "still must demonstrate that the recorded impairment is a 'disability.'" *Tice*, 247 F.3d at 513. Despite Nicholson's incidents of FMLA medical leave, such occurrences are insufficient to establish she had a "disability" under the Rehabilitation Act because the FMLA and Rehabilitation Act call for differing analyses. 29 C.F.R. § 825.702(b).

Third, Nicholson did not show that her employer regarded her as disabled. Nicholson argues to this Court that she was terminated after consuming alcohol, which evinces her employer's view that she was substantially impaired in performing her job. In order to be regarded as having a disability, the employee must establish that the employer considered "the employee to be suffering from an impairment within the meaning of the statutes, not just that the employer believed the employee to be somehow disabled." *Rinehimer v. Cemcolift, Inc.*, 292 F.3d 375, 381 (3d Cir. 2002) (internal quotation marks and citations omitted). As discussed by the District Court, even if Nicholson's employer perceived her to be an alcoholic, her claim cannot succeed. The Rehabilitation Act

7

excludes from coverage "any individual who is an alcoholic whose current use of alcohol prevents such individual from performing the duties of the job in question or whose employment, by reason of such current alcohol abuse, would constitute a direct threat to property or the safety of others." 29 U.S.C. § 705(20)(C)(v). Nicholson's argument that the District Court erroneously relied on this provision must be rejected.

In sum, Nicholson failed to establish a genuine issue of material fact as to whether she was disabled under the Rehabilitation Act. Aside from disputing the District Court's "disability" determination, Nicholson also argues on appeal that the District Court erroneously dismissed her failure to accommodate claim. She asserts that the Last Chance Agreement does not relieve her employer's "ongoing duty" to reasonably accommodate her, and also alleges that the Last Chance Agreement is a per se violation of the duty to accommodate. We need not reach these arguments because the District Court correctly found there were no genuine issues of material fact as to the threshold determination of whether Nicholson had a legally recognizable disability.

IV.

For the foregoing reasons, we will affirm the order of the District Court.

8