

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-30-2002

# Rinehimer v. Cemcolift Inc

Precedential or Non-Precedential: Precedential

Docket No. 01-1428

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"Rinehimer v. Cemcolift Inc" (2002). *2002 Decisions.* Paper 312.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/312

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

PRECEDENTIAL

Filed May 30, 2002

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 01-1428

GARY L. RINEHIMER,
        Appellant

v.

CEMCOLIFT, INC.

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 98-cv-00562)
District Judge: Hon. Norma L. Shapiro

Argued December 17, 2001

Before: SLOVITER and McKEE, Circuit Judges, and
HAYDEN, District Judge*

(Filed: May 30, 2002)

_____

* Hon. Katharine S. Hayden, United States District Judge for the District
        of New Jersey, sitting by designation.

        Clyde W. Waite (Argued)
        Stief, Waite, Gross, Sagoskin &
         Gilman
        Newtown, PA 18940-0274

         Attorney for Appellant

        David A. Koss (Argued)
        Wynnewood, PA 19096

         Attorney for Appellee

OPINION OF THE COURT

SLOVITER, Circuit Judge.

Gary Rinehimer appeals various adverse rulings of the
District Court in his case against his former employer,
Cemcolift, Inc., brought under the Americans With
Disabilities Act (ADA) of 1990, 42 U.S.C. S 12101 et seq.
(2001), the Family Medical Leave Act (FMLA) of 1993, 29
U.S.C. S 2601 et seq. (2001), and the Pennsylvania Human
Relations Act (PHRA), 43 Pa. Cons. Stat. S 951 et seq.
(2001).

I.

BACKGROUND

Rinehimer worked for Cemcolift, a manufacturer of residential elevators, starting in October 1990. In December 1994, he was promoted from the position of technician to the position of working foreman. As a foreman, he worked in the part of the company's facilities where elevators were manufactured. As the result of sawing and painting involved in the construction of elevators, there were paint fumes and sawdust in his work environment.

In late 1995, Rinehimer developed pneumonia. Starting December 30, 1995, he spent twenty-two days in the hospital and nine days in a rehabilitation facility. Rinehimer told Cemcolift that he was hospitalized with pneumonia and that he did not know when he would be

2

able to return to work. In late January or early February of 1996, Cemcolift hired a new employee to perform the duties that Rinehimer had performed prior to his hospitalization. On February 15, 1996, Rinehimer told Kenneth Hermann, a manager at Cemcolift, that he wished to return to work. At that time, he gave Hermann a note from his doctor which said that Rinehimer could return to work part-time for two weeks and, thereafter, full-time, so long as precautions were taken to prevent him from being exposed to dust and fumes. Kenneth Hermann advised Rinehimer that there were no part-time jobs available and told him to return to work when he was ready to work full-time.

On March 4, 1996, Rinehimer submitted a letter to Kenneth Hermann from his doctor saying that Rinehimer could return to work full-time but that he should avoid unusual dust and fumes. Thereafter, for two weeks, Rinehimer was assigned to a filing job, and, subsequently, he was assigned to a job assembling a cylinder-grinding machine. While neither of these jobs were equivalent to the job of a working foreman, Rinehimer was paid the same salary as when he was a working foreman.

On April 1, 1996, Rinehimer was given a pulmonary function test to determine if he could wear a respirator, a type of mask that helps to filter out dust and other particles. On April 3, Rinehimer asked Walter Hermann, Jr., a vice-president at Cemcolift, if he could return to his job as a working foreman. Walter Hermann informed him that, because, in light of his pulmonary condition, he was not able to wear a respirator, he could not return to his previous work environment unless he either (1) received permission from his doctor to work around dust and fumes or (2) signed a statement saying that he would take "responsibility for [his] presence in the workplace provided by [Cemcolift]." App. at 131. Rinehimer did neither and was terminated. Thereafter, he filed this suit.

II.

JURISDICTION

The District Court had subject matter jurisdiction
pursuant to 28 U.S.C. S 1331, in accordance with 29 U.S.C.

3

S 2601 et seq. (FMLA) and 42 U.S.C. S 12101 et seq. (ADA)
and supplemental jurisdiction pursuant to 28 U.S.C.S 1367
over claims brought under 43 Pa. Cons. Stat. S 955(a)
(PHRA). This court has jurisdiction over this matter subject
to 28 U.S.C. SS 1291 and 1294(1).

III.

DISCUSSION

In this appeal, Rinehimer argues that the District Court
erred in (1) granting Cemcolift's motion for summary
judgment on his ADA and PHRA claims, (2) admitting
hearsay testimony into evidence at the jury trial on his
FMLA claim regarding what Cemcolift's doctor allegedly told
one of the company's managers about Rinehimer's
condition, (3) denying Rinehimer's motion for judgment as
a matter of law and his motion for a new trial in light of (a)
the jury's erroneous finding that Rinehimer was given an
equivalent position at Cemcolift after he returned to work,
(b) the jury's finding that Rinehimer failed to prove he made
an implied request for additional medical leave, and (c) a
jury instruction that Cemcolift need not make a reasonable
accommodation to Rinehimer under the FMLA.

A. Summary Judgment on ADA and PHRA Claims

On March 17, 1999, the District Court granted
Cemcolift's motion for summary judgment concerning
Rinehimer's ADA and PHRA claims under Federal Rule of
Civil Procedure 56(c). Rinehimer v. Cemcolift, Inc., No. 98-
562, slip op. at 3 (E.D. Pa. March 17, 1999). The District
Court held that pneumonia was a temporary condition and
hence not a disability under the ADA or the PHRA. Further,
it found that Cemcolift did not know Rinehimer had asthma
and, hence, his asthma could not be the basis of his ADA
and PHRA claims. Finally, the District Court concluded that
Rinehimer would not be able to show that he was suffering
from an impairment within the meaning of the ADA, or that
Cemcolift regarded him as impaired to such an extent that
he was "completely foreclosed from working in his type of
employment." Rinehimer, No. 98-562, slip op. at 2. For
these reasons, Rinehimer could not state a claim under the

4

regarded as disabled prong of the ADA. 42 U.S.C.
S 12102(2)(C).

We review decisions of the district court granting
summary judgment de novo. Taylor v. Phoenixville Sch.

Dist., 184 F.3d 296, 305 (3d Cir. 1999).

The ADA prohibits "discriminat[ion] against a qualified
individual with a disability because of the disability of such
individual." 42 U.S.C. S 12112(a). Under the statute, an
individual is defined as disabled if s/he has "(A) a physical
or mental impairment that substantially limits one or more
of the major life activities of such individual; (B) a record of
such an impairment; or (C) [is] regarded as having such an
impairment." 42 U.S.C. S 12102(2). However, a temporary,
non-chronic impairment of short duration is not a disability
covered by the ADA. McDonald v. Pa. Dep't of Public
Welfare, Polk Ctr., 62 F.3d 92, 96 (3d Cir. 1995).

Rinehimer argues that he satisfies clause (A) of the
definition of disability because his ability to breathe, which
is, according to federal regulations, a major life activity, 45
C.F.R. S 84.3(j)(2)(ii) (2001), is significantly impaired.[1] Since
his pneumonia was a temporary impairment of his ability to
breathe, and hence not a disability for purposes of the ADA,
Rinehimer's clause (A) argument must relate to his asthma,
which is a non-temporary condition. However, to establish
discrimination because of a disability, an employer must
know of the disability. Taylor, 184 F.3d at 313 (discussing
42 U.S.C. S 12112(b)(5)(A)). Cemcolift argues that it did not
know Rinehimer had asthma, a claim that Rinehimer does

_____

1. After oral argument in this case, the Supreme Court decided Toyota
Motor Manufacturing, Kentucky, Inc. v. Williams, 122 S. Ct. 681, 691
(2002), in which it said that the phrase " '[m]ajor life activities' . . . refers
to those activities that are of central importance to daily life."  While that
case focused on what needs to be proven to establish that an individual
is substantially limited in performing manual tasks, the Court's analysis
of 45 C.F.R. S 84.3(j)(2)(ii) is suggestive of the way the Court would
interpret other "major life activities" as discussed in this regulation.
However, because we agree with the District Court that either Rinehimer
has failed to establish that he is disabled or that he cannot establish
discrimination under the ADA, we do not need to reach the question of
whether Rinehimer's breathing difficulties impaired a major life activity.

not dispute. Rinehimer does appear to argue that Cemcolift
knew that he had some sort of respiratory disorder prior to
his termination in light of the letter from his doctor saying
that he should avoid dust and fumes. However, Rinehimer's
condition of being sensitive to dust and fumes, which is not
temporary (in contrast to his pneumonia) and which
Cemcolift arguably knew about (in contrast to his asthma),
does not "substantially limit" a "major life activit[y]." 42
U.S.C. S 12102(2)(A). Thus, Rinehimer either fails to satisfy
prong (A) of the three-pronged definition of disability,
S 12102(2)(A), or he cannot establish discrimination under
the ADA because Cemcolift did not know about his
disability.

Rinehimer also argues that Cemcolift regarded him as
having a disability and thus he is disabled under prong (C)

of the three-pronged definition of disability. S 12102(2)(C). A person is "regarded as" having a disability if s/he:

> (1) Has a physical or mental impairment that does not substantially limit major life activities but is treated by the covered entity as constituting such limitation;

> (2) Has a physical or mental impairment that substantially limits major life activities only as a result of the attitudes of others toward such impairment; or

> (3) Has [no such impairment] but is treated by a covered entity as having a substantially limiting impairment.

Taylor v. Pathmark Stores, Inc., 177 F.3d 180, 187 (3d Cir. 1999) (quoting 29 C.F.R. S 1630.2(l)) (omissions and brackets in Pathmark). In Pathmark, we explained that when an employer "misinterpret[s] information about an employee's limitations to conclude that the employee is incapable of performing a wide range of jobs," that employee is "regarded as" disabled under the ADA. Id. at 190. We also stated that "[i]f for no reason whatsoever an employer regards a person as disabled -- if, for example, because of a blunder in reading medical records, it imputes to him a heart condition he never had -- and takes adverse action, it has violated the statute." Taylor , 177 F.3d at 191 (quoting Johnson v. Am. Chamber of Commerce Publishers, Inc., 108 F.3d 818, 819 (7th Cir. 1997)).

6

In the present case, the District Court correctly noted that to be covered under the "regarded as" prong of the ADA the employer must "regard[ ] the employee to be suffering from an impairment within the meaning of the statutes, not just that the employer believed the employee to be somehow disabled." Rinehimer, No. 98-562, slip op. at 2 (quoting Francis v. City of Meriden, 129 F.3d 281, 286 (2d Cir. 1997)). As we discussed above, pneumonia is a temporary condition and is not protected by the ADA. If Cemcolift regarded Rinehimer as having pneumonia, that would not be enough to bring him under the protections of the ADA. On the other hand, if Cemcolift regarded Rinehimer as having asthma, that might be enough to bring him under the protections of the ADA. However, Cemcolift argues that it did not know that Rinehimer had asthma and Rinehimer admitted that he did not tell anyone at Cemcolift that he had asthma. There was thus no basis for a court to find that Cemcolift regarded him as suffering from asthma.

In Taylor, we held that there were material issues of fact about whether a supermarket employee who hurt his ankle and needed to take regular rests and avoid long periods of standing was "regarded as" disabled by his employer. 177 F.3d at 183. We reached this conclusion because we held that "an employer's perception that an employee cannot perform a wide range of jobs suffices to make out a 'regarded as' claim." Id. at 188. We further held that an

employer could be held liable if it misinterpreted information about an employee's condition or limitations and, on this basis, concluded that the employee was incapable of performing a range of jobs. Id. at 190.

Rinehimer has not shown that Cemcolift believed that he could not perform a wide array of jobs. In fact, the record shows that Cemcolift had Rinehimer perform various jobs after he returned from his absence due to pneumonia. It was Rinehimer who was dissatisfied and wished to return to his former position and he sued because Cemcolift would not let him do so unconditionally. He does not claim that Cemcolift refused to give him employment in a position that did not involve exposure to dust and fumes. Whereas Pathmark fired Taylor because it perceived "his disability [to be] too severe to accommodate," id. at 189, here

Rinehimer has offered no evidence about Cemcolift's perception about the severity of his condition.

Rinehimer argues that various statements from Cemcolift managers about their perceptions that Rinehimer was sick, wheezing, and had difficulty breathing establish that they regarded him as disabled. The awareness that an employee is sick combined with some change in his work assignments is not enough to satisfy the "regarded as" prong of the ADA. Kelly v. Drexel University, 94 F.3d 102, 106 (3d Cir. 1996), involved an employee whose hip injury caused him to limp and to have some difficulty walking, but who presented no evidence that he required any special device, like a cane or crutches, to aid him in walking. In Kelly, we held that the mere fact that the employer was aware of the employee's visible walking impairment was insufficient to show that the employer regarded the employee as disabled within meaning of ADA. Id. at 109. The fact that Cemcolift knew Rinehimer had been sick with pneumonia and was still having some difficulties breathing does not show that the company regarded him as disabled for the purposes of the ADA. The District Court did not err when it determined that Rinehimer had not established that he satisfied any of the prongs of the ADA's definition of disability.

The PHRA is basically the same as the ADA in relevant respects and "Pennsylvania courts . . . generally interpret the PHRA in accord with its federal counterparts." Kelly, 94 F.3d at 105 (citations omitted). Therefore, our disposition of Rinehimer's ADA claim applies with equal force to his PHRA claim.

B. Admission of Evidence Concerning a Doctor's Evaluation

At trial on the FMLA claim, which survived summary judgment, the District Court, over Rinehimer's objection, permitted Walter Hermann, Jr. to testify that Cemcolift was told by the company's physician who examined Rinehimer

that Rinehimer could not wear a respirator. Rinehimer argues that this statement should have been excluded because the statement is hearsay, "a statement, other than one made by the declarant while testifying at the trial or

8

hearing, offered in evidence to prove the truth of the matter asserted." Fed. R. Evid. 801(c). In particular, Rinehimer argues that the statement is double hearsay and should be excluded under Federal Rule of Evidence 805. The District Court did not admit Hermann's statement about what the doctor told Cemcolift to prove the truth of what the doctor allegedly said. Rather, the court specifically issued a limiting instruction in accordance with Federal Rule of Evidence 105 requiring the jury only to "accept[the statement] as an explanation for what [Hermann said]." App. at 472.

We generally review decisions of a district court concerning the admission and exclusion of evidence for abuse of discretion. Ryder v. Westinghouse Elec. Corp., 128 F.3d 128, 132 (3d Cir. 1997). When a ruling on the admission of evidence implicates the interpretation of a legal standard, such as the Federal Rules of Evidence, our review is plenary. United States v. Sokolow, 91 F.3d 396, 402 (3d Cir. 1996).

The District Court allowed Hermann to testify about what the doctor allegedly said about Rinehimer's condition because the testimony explained why Hermann did not allow Rinehimer to return to his job as a working foreman and wear a respirator. As such, the statement is not hearsay because it was not offered to prove that Rinehimer could not wear a respirator. Rule 801(c) defines hearsay, in part, as a statement offered "to prove the truth of the matter asserted." Because Hermann's statement was not offered for that purpose, it was admissible.

Rinehimer implicitly argues that Hermann's statement allows the doctor's opinion about Rinehimer's condition to get in through the back door. He argues that the jury in essence ignored the District Court's limiting instructions and took Hermann's statement as evidence of the doctor's opinion about whether Rinehimer could use a respirator. In general, however, "we must assume that the jury understood and followed the court's instructions." Loughman v. Consol-Pennsylvania Coal Co., 6 F.3d 88, 105 (3d Cir. 1993). See also Greer v. Miller, 483 U.S. 756, 767 (1987). We thus conclude that the District Court did not abuse its discretion in admitting Hermann's statement

9

accompanied by a limiting instruction. In any event, the error, if any, was harmless because there was ample evidence before the jury that could have enabled it to reach the conclusion that Rinehimer could not perform the

essential functions of a working foreman.

C. Denial of Motion for Judgment as a Matter of Law and Motion for a New Trial

Both parties agree that Rinehimer was not returned to an equivalent position. The jury, however, found that Rinehimer had not proven that he was not given an equivalent position upon his return to work after an FMLA absence. Both parties agree that the jury's finding was erroneous. After the jury returned its verdict that Cemcolift did not violate the FMLA, Rinehimer asked the District Court to direct entry of judgment as a matter of law in accordance with Federal Rule of Civil Procedure 50(b) and to order a new trial in accordance with Federal Rule of Civil Procedure 59 in light of the jury's erroneous finding. This was a procedurally appropriate request because Rinehimer had asked the District Court for a directed verdict after the close of evidence and his request had been denied. Fed. R. Civ. P. 50(b). The District Court denied Rinehimer's renewed motion because it found that the jury's erroneous determination did not affect its conclusion that Rinehimer was unable to perform the essential functions of his previous position as a working foreman. Rinehimer v. Cemcolift, Inc., No. 98-562, 2001 U.S. Dist. LEXIS 1165, at *12-13 (E.D. Pa. Feb. 1, 2001).

We conduct a plenary review of the decisions of a district court concerning a judgment as a matter of law and determine whether "viewing the evidence in the light most favorable to the nonmovant and giving [the nonmovant] the advantage of every fair and reasonable inference, there is insufficient evidence from which a jury reasonably could" reach the conclusions that it did. Lightning Lube, Inc. v. Witco Corp., 4 F.3d 1153, 1166 (3d Cir. 1993). This court reviews a district court's order ruling on a motion for a new trial for abuse of discretion. Id. at 1167.

To succeed on his FMLA claim, Rinehimer had to establish not only that he was not returned to an

10

equivalent position but also that he was able to perform the essential functions of that position. See 29 C.F.R. S 825.214(b) (2001); Reynolds v. Phillips & Temro Indus., Inc., 195 F.3d 411, 414 (8th Cir. 1999); Tardie v. Rehabilitation Hosp., 168 F.3d 538, 543 (1st Cir. 1999). The District Court found that the jury had adequate evidence before it to decide that, after he returned to work, Rinehimer could not perform the essential functions of a working foreman. In light of this, the District Court decided that the jury's erroneous determination that Rinehimer was returned to an equivalent position did not affect the jury's determination that Cemcolift did not violate the FMLA. The District Court did not err when it denied Rinehimer's motion. For similar reasons, the District Court did not abuse its discretion in denying Rinehimer's motion for a new trial.

Rinehimer makes two additional arguments, contending that the District Court erred in not granting his motion for judgment as a matter of law or his motion for a new trial. At trial, Rinehimer claimed he had made an implied request for additional medical leave. The jury found that Rinehimer had not "prove[n] by a preponderance of the evidence that he made an express or implied request for additional leave [under the FMLA]." Rinehimer, 2001 U.S. Dist. LEXIS 1165, at *15 n.8. Subsequently, the District Court held that the jury's finding was not against the weight of the evidence. Id. at *17. We agree.

Additionally, before the jury deliberated, the District Court instructed the jury that the FMLA did not require Cemcolift to make reasonable accommodations to Rinehimer upon his return from medical leave. Id. at *20-21. Rinehimer argues that this instruction confused the issues because he was not asking for an accommodation in the ADA sense of the term. The District Court stated, and Rinehimer does not dispute, that the FMLA does not require "an employer to provide a reasonable accommodation to an employee to facilitate his return to the same or equivalent position at the conclusion of his medical leave." Id. at 21. See 29 C.F.R. S 825.214(b); Tardie, 168 F.3d at 544. The District Court's jury instruction was designed to clarify for the jury the requirements of the FMLA and it did so accurately.

11

We conclude that we have no basis to reverse either the District Court's denial of Rinehimer's motion for a new trial or its denial of his motion for judgment as a matter of law.

IV.

CONCLUSION

For the reasons given herein, the judgment of the District Court will be affirmed.

A True Copy:
Teste:

        Clerk of the United States Court of Appeals
        for the Third Circuit

12