

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-30-2002

# Casella v. PA Interest

Precedential or Non-Precedential: Non-Precedential

Docket No. 02-1141

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"Casella v. PA Interest" (2002). *2002 Decisions.* Paper 623.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/623

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 02-1141

_____

LAWRENCE J. CASELLA,
Appellant

v.

PENNSYLVANIA INTEREST ON LAWYERS TRUST ACCOUNT BOARD; ALFRED
AZEN, EXECUTIVE DIRECTOR, INTEREST ON LAWYERS
TRUST ACCOUNT BOARD; GERALD A. MCHUGH, JR.,
CHAIRMAN, PENNSYLVANIA INTEREST ON LAWYERS TRUST
ACCOUNT BOARD; THOMAS M. THOMPSON, ESQUIRE; DAVID E.
LEHMAN, ESQUIRE; SALLIE UPDYKE MUNDY, ESQUIRE;
RICHARD I. THOMAS, ESQUIRE; HAROLD I. GOODMAN, ESQUIRE;
CARL OXHOLM, III, ESQUIRE; ERNESTINE WATLINGTON;
ROBERT BURD; DISCIPLINARY BOARD OF THE SUPREME
COURT OF PENNSYLVANIA; JOHN P. FLAHERTY, CHIEF JUSTICE;
STEPHEN A. ZAPPALA, JUSTICE; RALPH J. CAPPY, JUSTICE;
RONALD D. CASTILLE, JUSTICE; RUSSELL M. NIGRO, JUSTICE;
SANDRA SHULTZ NEWMAN, JUSTICE; THOMAS G. SAYLOR, JUSTICE

_____

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
D.C. Civil No. 00-cv-01686
District Judge:  The Honorable Donetta W. Ambrose

_____

Submitted Under Third Circuit LAR 34.1(a)
September 23, 2002

_____

Before: BARRY, AMBRO, and COWEN, <u>Circuit Judges</u>

(Opinion Filed: September 30, 2002)

_____

OPINION

BARRY, Circuit Judge

Pennsylvania attorneys who hold funds in escrow for their clients in non-interest bearing accounts are required to put those funds into an interest bearing account called an Interest On Lawyer Trust Account ("IOLTA account"). Pa. R.P.C. 1.15(d), 42 Pa.C.S.A. Interest earned on IOLTA accounts is pooled and distributed to legal service programs that provide assistance to the poor and disadvantaged. Pa. R.P.C. 1.15(h). Lawrence J. Casella, an attorney admitted to practice in Pennsylvania, sought an exemption from IOLTA participation pursuant to Pa. R.P.C. 15(e)(ii), claiming that the program required him to steal interest earned from the funds of his clients, and that such "thievery" was "deeply offensive to [his] religious beliefs." App. at 48.[1] His request for an exemption was denied.

Casella subsequently filed suit in federal court against the Pennsylvania Interest On Lawyer Trust Account Board ("IOLTA Board"), its individual members and executive director, the Disciplinary Board of the Supreme Court of Pennsylvania ("Disciplinary Board"), and the individual justices of the Supreme Court of Pennsylvania, alleging various violations of the U.S. Constitution. The District Court granted defendants' motion to dismiss as to several counts, and subsequently granted summary judgment in favor of

---

[1]Casella also noted that "[w]hile the state forces [him] to get a license to earn [his] livelihood, [he] did not grant the state [his] soul in exchange for the 'privilege' of working." App. at 48.

2

defendants on all remaining counts. Because the parties are familiar with the underlying facts, we need not recite them in detail here.

On appeal, Casella only challenges two decisions of the District Court. First, he argues that the District Court improperly granted summary judgment in favor of the individual members and executive director of the IOLTA Board on his procedural due process claim under the Fourteenth Amendment. Second, he appeals the order of the District Court dismissing on the ground of legislative immunity his First Amendment freedom of religion claim against the individual justices of the Supreme Court.[2] We review grants of summary judgment de novo. Rinehimer v. Cemcolift, Inc., 292 F.3d 375, 380 (3d Cir. 2002). We exercise plenary review over the District Court's order to dismiss on the ground of qualified immunity. Gallas v. Supreme Court of Pennsylvania, 211 F.3d 760, 773 (3d Cir. 2000). The District Court had jurisdiction under 28 U.S.C. § 1331. We have jurisdiction pursuant to 28 U.S.C. § 1291. For the reasons that follow, we will affirm.

Casella first claims that the individual members and executive director of the IOLTA Board violated his right to procedural due process. It is well-settled that "[t]he requirements of procedural due process apply only to the deprivation of interests encompassed by the Fourteenth Amendment's protection of liberty and property." Independent Enterprises Inc. v. Pittsburgh Water, 103 F.3d 1165, 1177 (3d Cir. 1997) (quoting Board of Regents v. Roth, 408 U.S. 564, 569 (1972)). Defendants concede that a

_____

[2]The District Court found that Casella's First Amendment claim only related to the individual justices of the Court. App. at 23.

3

license to practice law constitutes a property interest that deserves procedural due process protection. It is undisputed, however, that Casella still maintains his license to practice law; indeed, all proceedings before the Disciplinary Board have been stayed, apparently until this case is resolved. While Casella asserts that the referral of his case to the Disciplinary Board negatively affected his license, the Disciplinary Board has not acted, and there is no indication in the record that Casella's license is going to be revoked or in any way restricted.[3] Moreover, the executive director and members of the IOLTA Board do not have the authority to revoke Casella's license. And Casella concedes, as he must, that he has no right to or property interest in an exemption from IOLTA. Accordingly, we conclude that Casella has failed to allege a deprivation of a protected property interest and, thus, his procedural due process claim must fail.[4]

Casella next argues that the District Court erred when it dismissed, on the ground of

---

[3]Casella is asking this Court to speculate about future events that may or may not affect his license to practice law. Under Article III, Section 2 of the U.S. Constitution, our jurisdiction is limited to cases and controversies. Armstrong World Industry v. Adams, 961 F.2d 405, 410 (3d Cir. 1992). Related thereto, any claim that Casella may have in the future is not ripe for review.

[4]    Even if Casella had a protected property interest in the grant of an exemption, his procedural due process claim would fail. There is absolutely no evidence in the record that Board members violated any rules of procedure; indeed, if anyone did not comply with established procedures, it was Casella. After his request for an exemption was denied, Casella had 30 days to request reconsideration, which he failed to do. Notwithstanding his inaction, the executive director gave Casella an additional 30 days to request reconsideration and to submit additional evidence supporting his request. Casella refused to do so and informed the IOLTA Board that he was preserving his right to sue in federal court.

4

legislative immunity, his First Amendment claim against the individual justices of the Supreme Court of Pennsylvania. We disagree. In 1996, the Court amended Rule 1.15 of the Pennsylvania Rules of Professional Conduct to establish the IOLTA program. Pa. R.P.C. 1.15(d) and (e). Before the IOLTA Board and the District Court, Casella argued that the amended rule violated his right to the free exercise of religion by compelling him to steal from clients.[5] It is recognized that judges may perform on occasion in limited circumstances (e.g., adopting a code of conduct) legislative functions, Forrester v. White, 484 U.S. 219, 227-28 (1988), and that when they do so, they may be entitled to legislative immunity. Id. at 228; Supreme Court of Va. v. Consumers Union of the United States, Inc., 446 U.S. 719, 731-34 (1980). For an act to qualify as legislative in this Circuit, it must be (1) substantively legislative and (2) procedurally legislative. Gallas, 211 F.3d at 774. For substantially the reasons set forth by the District Court, we find that the amendment of Rule 1.15 and the resulting establishment of IOLTA was a legislative act and that the justices were protected by legislative immunity.

In an attempt to avoid this result, Casella argues that the Supreme Court exceeded its legislative authority when it amended Rule 1.15. Specifically, he claims that Rule 1.15 regulates the property of clients, not the conduct of lawyers, and this, according to Casella, the Court has no power to do. Separate and apart from the fact that this claim has nothing to do with the First Amendment and the "deeply offensive" violation of Casella's religious

---

[5]Although Casella appears to have largely abandoned this argument on appeal, it appears at different points in his brief.

freedom, Casella cites no legal authority supporting the claim, and we are unaware of any. Accordingly, we find this claim to be wholly without merit. But even if we were to assume that the pooling of minimal amounts of interest earned on client accounts constituted the regulation of client property, it is clear that the primary purpose of Rule 1.15 is to regulate the conduct of attorneys. As the Pennsylvania Rules of Professional Conduct note, "[e]very lawyer should support all proper efforts to . . . [provide] legal services" to the disadvantaged, emphasizing that the responsibility for providing such assistance "ultimately rests upon the individual lawyer." Pa. R.P.C. 6.1 (comment). Many lawyers in Pennsylvania choose to fulfill this professional duty by performing *pro bono* work. As the defendants properly note, "IOLTA is simply one more means by which the Supreme Court and the bar support the broadest possible representation of Pennsylvania's citizens." Appellees' Br. at 22. It is unfortunate that Casella does not support this opportunity to provide assistance to those in need. Public service, after all, is – or at least should be – an important part of the professional life of an attorney.[6]

For the foregoing reasons, we will affirm the orders of April 24, 2001 and December 3, 2001.


TO THE CLERK OF THE COURT:

Kindly file the foregoing Opinion.

---

[6]We have considered all additional arguments made by Casella and find them unavailing.

/s/Maryanne Trump Barry
Circuit Judge