

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-6-2009

# Kremer v. A Womans Place

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-3261

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"Kremer v. A Womans Place" (2009). *2009 Decisions.* Paper 1588.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1588

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-3261
_____

SHARON KREMER,
Appellant

v.

A WOMAN'S PLACE
_____

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 05-cv-03606)
District Judge:  Legrome D. Davis
_____

Argued February 5, 2009

Before:  RENDELL, and ROTH, <u>Circuit Judges,</u>
and HAYDEN,* <u>District Judge</u>.

(Filed: April 6, 2009)
_____

Wayne E. Ely, Esq.  **[ARGUED]**
Timothy M. Kolman, Esq.
Timothy M. Kolman & Associates
225 North Flowers Mill Road
Langhorne, PA   19047
    *Counsel for Appellant*

_____


    *Honorable Katharine S. Hayden, District Judge for the District of New Jersey
(Newark), sitting by designation.

Charles W. Craven  **[ARGUED]**
Marshall, Dennehey, Warner, Coleman & Goggin
1845 Walnut Street, 8th Floor
Philadelphia, PA  19103

Joseph J. Santarone, Jr., Esq.
Marshall, Dennehey, Warner,
   Coleman & Goggin
620 Freedom Business Center, Suite 300
King of Prussia, PA   19406
   *Counsel for Appellee*

_____

OPINION OF THE COURT
_____

RENDELL, <u>Circuit Judge</u>.

Sharon Kremer appeals the District Court's denial of her motion for new trial after the jury returned a verdict against her in this age discrimination case.

Kremer had been employed for 14 years by A Woman's Place, a women's shelter in Bucks County, Pennsylvania.  She was terminated by her employer by a letter that stated:  "We will no longer need your services in this position as of this date, June 24, 2004."  (App. 145a.)  Kremer did not receive any further elaboration as to why she was fired.  She was 58 years old at the time of trial.

Kremer brought suit based upon the Age Discrimination and Employment Act ("ADEA"), 29 U.S.C. § 621.  In the course of the trial, the District Court allowed the introduction of a series of written statements by non-testifying individuals.  The letters,

2

written by two former residents of A Woman's Place, reported Kremer's involvement in the expulsion of the residents from the shelter. The residents had complained verbally about the expulsion to a shelter supervisor, Sarah James, and Ms. James told them she could not take their complaints anywhere unless they were in writing. In May and June of 2004, the residents wrote the letters complaining about Kremer and gave them to Ms. James, who passed them on to Kremer's staff coordinator. Kremer was terminated on June 24, 2004.

Kremer's counsel objected on the basis of hearsay. The District Court ruled that the letters were admissible because they were being offered not for the truth of the matter asserted (namely, that the conduct of Kremer as indicated in the letter had actually happened) but, rather, that they were probative of defendant's reason for terminating Kremer (namely, that her employer had been told that she had conducted herself inappropriately). No one disputed the fact that the letters were highly critical of some of Kremer's behavior.

The District Court ruled that the letters were admissible, but gave two limiting instructions to the jury:

> One second, please. Ladies and gentlemen of the jury, the
> author of that letter is not present, and so you cannot consider
> that letter for the truth of the assertions that are contained in
> the letter. The letter is admissible for a very narrow legal
> reason, which is that this is information that the defendants
> said they received that caused them to act in a particular way.
> So, that's the relvance of the letter, as something that the

3

defendants had in front of them, which they say caused them to act in a particular way.

(App. 229.)

The trial court again instructed the jury:

All right. Well again, these documents are not introduced for the truth of the matter, rather as something that they relied upon that caused them to do certain things.

(App. 232a.)

A verdict was returned for the defendant, and Kremer moved for a new trial. The District Court denied the motion, based upon its conclusion that the letters were admissible.

On appeal, Kremer urges that the admission of the evidence affected her substantial rights and destroyed any chance of a fair verdict in her case. She contends that the evidence was offered to prove that she did, in fact, act as the letters indicated, and therefore its admission violated the hearsay rule. We disagree. The District Court gave not one instruction, but *two*, indicating to the jurors that the letters were admitted for a very limited purpose, namely, that they formed the basis for the termination decision. The jurors were told they were not to consider them for the truth of what they contained. District courts are entitled to presume, as do we, that jurors follow instructions, as they are told repeatedly that they must. *See, e.g.*, *Johnson v. Elk Lake Sch. Dist.*, 283 F.3d 138, 148 (3d Cir. 2002); *Rinehimer v. Cemcolift*, 292 F.3d 375, 382-83 (3d Cir. 2002); *Loughman v. Consol-Pennsylvania Coal Co.*, 6 F.3d 88, 105 (3d Cir. 1993).

4

Kremer also argues that defense counsel's reference during closing argument to the conduct set forth in the letters demonstrated that the letters were offered for their truth, not for causation. This argument is not persuasive. Again, the District Court gave the jury specific instructions that limited jurors' consideration of the letters. Kremer's counsel reminded the jury of the limiting instruction during his closing, but then argued that "even if you were to consider it for the truth, it didn't happen." (App. 348.) Counsel cannot have it both ways. Further, counsel did not object to defense counsel's closing argument.

Accordingly, we agree with the District Court that because the letters were not offered to prove the truth of the matters asserted therein, Kremer's argument that they were hearsay and inadmissible is not sound.

In light of the foregoing, we will AFFIRM the order of the District Court.