**David G. MARESCA, Appellant**

v.

**BLUE RIDGE COMMUNICATIONS.**

No. 09–2470.

United States Court of Appeals,
Third Circuit.

Submitted Pursuant to Third Circuit
LAR 34.1(a) Dec. 1, 2009.

Opinion filed Feb. 5, 2010.

David G. Maresca, Marshals Creek, PA, pro se.

R. Michael Carr, Esq., Lehigh Valley, PA, for Blue Ridge Communications.

Before: SLOVITER, CHAGARES and WEIS, Circuit Judges.

## OPINION

PER CURIAM.

Appellant David Maresca appeals a decision of the District Court granting Defendant's motion for summary judgment. For the reasons set forth below, we will affirm the judgment of the District Court.

### I.

Appellee Blue Ridge Communications ("Blue Ridge") owns and operates cable television distribution facilities in Northeastern Pennsylvania. Appellant David Maresca was employed by Blue Ridge as a cable installer from October 1995 until he was injured in a job-related automobile accident on June 29, 1999. After December 19, 2000, Maresca did not return to active work at Blue Ridge. He received total disability benefits as well as group health insurance coverage from Blue Ridge from May 2001 until April 2006.

On August 18, 2002, Blue Ridge, through its insurer or third party administrator, Inservco Insurance Services, Inc., filed a petition for termination or suspension of Maresca's benefits with the Pennsylvania Department of Labor and Industry's Bureau of Workers' Compensation. In an opinion issued in November 2004, the Workers' Compensation Judge denied Blue Ridge's request to terminate benefits, finding that it had not met its burden to prove that Maresca had fully recovered from his June 1999 injury or was capable of returning to work without restrictions.

Maresca eventually settled his workers' compensation claim through a compromise and release agreement on April 27, 2006, in which he received a lump-sum payment of $38,000. After Maresca settled his workers' compensation claim, Blue Ridge sought to end Maresca's employment with the company as well as stop paying his health insurance benefits. On April 28, 2006, Blue Ridge sent Maresca a letter notifying him that his insurance benefits had ended because he had been terminated pursuant to a provision in the work agreement between Blue Ridge and the union representing Maresca that eliminated a worker's seniority after five consecutive years of time off for a work-related injury.

Maresca contended that he retained the right to seek re-employment with Blue Ridge and that the company failed to accommodate his disability. Unable to reach an agreement, Maresca filed a complaint in the District Court in June 2008 contending that: 1) Blue Ridge terminated his employment in violation of the Americans with Disabilities Act ("ADA"); and 2) Blue Ridge violated the Age Discrimination in Employment Act ("ADEA") when it fired him. Maresca sought both compensatory and punitive damages.

Following discovery, Blue Ridge moved for summary judgment on both of Maresca's claims. The District Court granted Blue Ridge's motion, finding that Maresca was unable to establish a prima facie case for either claim. Maresca filed a timely notice of appeal and argues that because there are genuine issues of material fact, the District Court erred in granting summary judgment.

### II.

We have jurisdiction over the appeal under 28 U.S.C. § 1291 and exercise ple-

nary review over the District Court's decision to grant summary judgment. *McGreevy v. Stroup,* 413 F.3d 359, 363 (3d Cir.2005). Summary judgment is appropriate when the "pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). A court reviewing a summary judgment motion must evaluate the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor. *Brewer v. Quaker State Oil Ref. Corp.,* 72 F.3d 326, 330 (3d Cir.1995). However, a party opposing summary judgment "must present more than just 'bare assertions, conclusory allegations or suspicions' to show the existence of a genuine issue." *Podobnik v. U.S. Postal Serv.,* 409 F.3d 584, 594 (3d Cir.2005).

## III.

After a careful review of the record, we find that the District Court properly granted summary judgment in favor of Blue Ridge on both of Maresca's claims. We will first address the District Court's dismissal of Maresca's ADA claim.

Under the ADA, "[n]o covered entity shall discriminate against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a). To establish a prima facie case of disability discrimination under the ADA, a plaintiff must demonstrate that he: (1) has a dis-

ability; (2) is a qualified individual; and (3) has suffered an adverse employment action because of that disability. *Turner v. Hershey Chocolate USA,* 440 F.3d 604, 611 (3d Cir.2006). The District Court concluded that Maresca was unable to establish either that he has a disability within the meaning of the ADA or that he suffered an adverse employment decision.

As to the first prong, in order to establish the existence of a "disability" under the ADA, a plaintiff must show that: (1) he has a physical or mental impairment that substantially limits one or more major life activities; (2) he has a record of such impairment; or (3) he was "regarded as" having such an impairment by his employer. *See Marinelli v. City of Erie, Pa.,* 216 F.3d 354, 359 (3d Cir.2000).

■ We agree with the District Court that Maresca was unable to establish a prima facie case of disability discrimination as he was unable to demonstrate that he has a disability. At his November 2008 deposition, he testified unequivocally that he did not have any physical problems or limitations as of April 2006—the date of his termination—and that he was able to return to work at that time. (*See* Plaintiff's Deposition, Exh. 1 to Defendants' Motion for Summary Judgment at 14–15.) There is no medical evidence in the record suggesting otherwise.[1] Accordingly, we agree with the District Court that Maresca was not disabled within the meaning of the Act and could not establish his prima facie case of disability discrimination.

■ Furthermore, we agree with the District Court that even if Maresca could demonstrate that he was disabled, he could

---

1. Likewise, there is no record evidence suggesting that Blue Ridge "regarded" Maresca as disabled. *See Rinehimer v. Cemcolift, Inc.,* 292 F.3d 375, 381 (3d Cir.2002). Blue Ridge never indicated that it considered Maresca disabled. In fact, the company contested Maresca's disability vigorously on several occasions before the Workers' Compensation Board.

not show that he suffered an adverse employment decision. Maresca never sought to return to Blue Ridge. At his deposition, he testified that he never asked to return to the company as a cable installer or in any other position. An employer cannot be expected to assume that an employee wishes to apply for an accommodation, job or transfer. *See Jones v. United Parcel Serv.*, 214 F.3d 402, 408 (3d Cir. 2000). Accordingly, the District Court properly granted summary judgment in favor of Blue Ridge as Maresca was unable to establish his prima facie case.

We also find that the District Court properly granted summary judgment in favor of Blue Ridge as to Maresca's ADEA claim. Like his ADA claim, the Court concluded that Maresca was unable to establish a prima facie case for age discrimination under the Act.

Federal courts examine ADEA claims under a modified version of the familiar burden-shifting analysis described in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). *See Showalter v. Univ. of Pittsburgh Med. Ctr.*, 190 F.3d 231, 234 (3d Cir.1999). A plaintiff must initially establish a prima facie case of age discrimination. *Id.* A prima facie case of age discrimination requires proof that: (I) the plaintiff was at least 40 years old; (ii) he suffered an adverse employment decision; (iii) he is qualified for the position; and (iv) the employer gave more favorable treatment to an employee who is sufficiently younger to permit an inference of age discrimination. *Tomasso v. Boeing Co.*, 445 F.3d 702, 706 n. 4 (3d Cir.2006).

The District Court determined that Maresca was unable to establish a prima facie case because he could not show that he suffered an adverse employment action. As we discussed earlier, there is no record evidence to suggest that Mares-

ca requested to return to Blue Ridge in any capacity. Thus, it cannot be said that Blue Ridge denied him an opportunity to return to work despite being qualified. Moreover, there is simply no evidence that Blue Ridge denied Maresca any work because of his age. Summary judgment was therefore appropriate.

For all of these reasons, we will affirm the judgment of the District Court.