CLD-239                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 10-1947

_____

GREGORY T. REDMOND,
                                    Appellant

v.

SEPTA

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civ. No. 09-cv-05075)
District Judge:  Honorable Norma L. Shapiro

_____

Submitted for Possible Summary Action Pursuant to
Third Circuit L.A.R. 27.4 and I.O.P. 10.6
July 9, 2010

Before:  BARRY, FISHER and GREENAWAY, Circuit Judges.

(Filed:  August 4, 2010)

_____

OPINION

_____

PER CURIAM.

        Gregory T. Redmond appeals the District Court's order granting defendant

SEPTA's motion to dismiss his pro se amended complaint.  Redmond alleged that on

February 20, 2009, he was at a SEPTA bus terminal in Philadelphia, Pennsylvania, when

he asked a SEPTA box attendant to "buzz" him through a gate. Redmond sought to use the gate because he was carrying a big bag and "recovering from a car accident." The attendant thrice refused Redmond's requests to use the gate and instructed him to use a turnstile. Redmond tried the turnstile, but it caused him pain. He sought assistance from a SEPTA police officer, after which the attendant opened the gate. Based on these events, Redmond claimed that SEPTA violated his right to use public transportation under Title VI of the Civil Rights Act of 1964 and the Americans with Disabilities Act of 1990 ("ADA"). He sought $800,000 in damages for suffering "massive pain" to his side and back, and a "set back" in his recovery from the earlier car accident.

SEPTA moved to dismiss, arguing, inter alia, that Redmond failed to state a claim upon which relief can be granted. The District Court granted the motion. Liberally construing the pro se amended complaint as seeking relief under the ADA and Section 504 of the Rehabilitation Act, the District Court concluded that Redmond's claims fail because (i) his allegations do not suggest that he is a qualified individual with a disability, (ii) there is no allegation that services or benefits were intentionally withheld or that Redmond was treated differently because of a disability, and (iii) Redmond has not alleged facts supporting an inference that the SEPTA attendant acted intentionally, or acted by reason of Redmond's alleged disability, thereby precluding any award of compensatory damages. The District Court refused leave to amend the complaint

because it concluded that any amendment would not cure the defects that led to dismissal. Redmond timely filed this appeal.

We have appellate jurisdiction under 28 U.S.C. § 1291. "We exercise de novo review of a District Court's dismissal under Rule 12(b)(6) for a failure to state a claim upon which relief may be granted." Mayer v. Belichick, 605 F.3d 223 (3d Cir. 2010). "We must accept all factual allegations in the complaint as true, construe the complaint in the light favorable to the plaintiff, and ultimately determine whether plaintiff may be entitled to relief under any reasonable reading of the complaint." Id.

Because this appeal presents no substantial question, we will summary affirm. See 3d Cir. L.A.R. 24.7, I.O.P. Ch. 10.6. As the District Court fully explained, Redmond's allegations suggest no inference that he has a qualifying "disability" under the law. His allegations that he was recovering from a car accident and suffered pain in his side and back are insufficient. See, e.g., Rinehimer v. Cemcolift, 292 F.3d 375, 381 (3d Cir. 2002); McDonald v. Pennsylvania, 62 F.3d 92, 96 (3d Cir. 1995). Further, there is no allegation or inference reasonably drawn that SEPTA or its agents discriminated against Redmond, acted intentionally, or acted by reason of any alleged disability. Accordingly, the amended complaint was properly dismissed. In addition, leave to amend was properly denied in light of "the District Court's reasoned examination of [Redmond's] claims, which demonstrates their futility." Jones v. ABN AMRO Mortg. Group, Inc., 606 F.3d 119 (3d Cir. 2010).

3

For these reasons, and for the reasons fully explained by the District Court, we will affirm the order dismissing the amended complaint with prejudice. Redmond's motion for appointment of counsel is denied.