NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-1048
_____

BRUCE SCOTT,

Appellant

v.

ALLIED WASTE SERVICES OF BUCKS-MONT

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civ. No. 2-10-cv-00105)
Honorable Berle M. Schiller, District Judge
_____

Submitted under Third Circuit LAR 34.1(a)
October 6, 2011

BEFORE:  McKEE, Chief Judge, and FUENTES and GREENBERG, Circuit Judges

(Filed: October 19, 2011)
_____

OPINION OF THE COURT
_____

GREENBERG, Circuit Judge.

This matter comes on before this Court on appeal from a final order entered in favor of Allied Services of Bucks-Mont on December 23, 2010, in this multi-claim employment discrimination action that plaintiff-appellant Bruce Scott brought against

Allied Services following its termination of Scott's employment. Scott brought this action invoking both federal and Pennsylvania state law, the federal claims seeking relief under the Americans with Disabilities Act and the Family and Medical Leave Act and the state claims seeking relief under the parallel provisions of the Pennsylvania Human Relations Act. Allied Services employed Scott prior to his termination as a helper in picking up trash from residential customers and in cleaning Allied Services' yard.

The District Court had jurisdiction under 42 U.S.C. § 2000e-5(f)(3), 28 U.S.C. § 1331, and 28 U.S.C. § 1367(a) and we have jurisdiction under 28 U.S.C. § 1291. On this appeal we exercise de novo review of the District Court's judgment and opinion. See Kopec v. Tate, 361 F.3d 772, 775 (3d Cir. 2004). Consequently, we can affirm the summary judgment only if there is no dispute as to any material fact and Allied Services is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56(a).

The District Court set forth the background of this matter in its comprehensive opinion and therefore we have no need to repeat what it said. Scott attributes the adverse employment actions of which he complains to discrimination against him attributable to Allied Services' and its employees' view of him on account of his mental state and his need to care for his son who suffered from hemophilia.

In reviewing Scott's federal claims we employ the burden shifting framework that the Supreme Court adopted in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 93 S.Ct. 1817 (1973), for employment discrimination cases and that the courts later have followed in other contexts. Under McDonnell Douglas, a plaintiff initially must establish

2

that he can demonstrate a prima facie case of discrimination. If the plaintiff cannot make that showing he loses his case. If he can make that showing the defendant has the burden to produce evidence that it engaged in the adverse employment action of which the plaintiff complains for legitimate, nondiscriminatory reasons. If the defendant satisfies the burden of producing that evidence but the jury nevertheless finds that the defendant discriminated against the plaintiff on the basis of an unlawful ground under a discrimination law, it can return a verdict for the plaintiff. See St. Mary's Honor Center, 509 U.S. 502, 510-11, 113 S.Ct. 2742, 2749-50 (1993). In applying the Pennsylvania Human Relations Act we use the same burden-shifting process. See Rinehimer v. Cemcolift Inc., 292 F.3d 375, 382 (3d Cir. 2002).

Though not definitively so holding, the District Court decided the case on the assumption that Scott satisfied his initial burden of establishing a prima facie case of discrimination. The Court, however, found that considering the undisputed material facts Scott did not demonstrate that Allied Services' facially legitimate explanations for its adverse employment actions were pretextual. After our review of this matter we agree with the Court but add two things. First, Allied Services, which we note had employed Scott for five years, took considerable steps during his employment to accommodate Scott's problems. Second, though Scott complains of what he regards was Allied Services' requirement that he submit to an unjustified "illegal medical examination," considering the information that had come to Allied Services' attention prior to it requiring the examination it almost was compelled to take some steps to ensure Scott's

3

and its other employees' safety. In fact, in our experience we sometimes see cases in which plaintiffs seek to impose liability on a defendant when in situations like that Allied Services confronted here they have not taken appropriate protective steps that may include requiring that medical examinations be made. We recognize that Scott considers that it was wrongful for Allied Services to require that he submit to an examination based on the hearsay information that Allied Services had regarding him. We, however, reject his argument for in conducting its affairs an employer need not follow the procedure used in court proceedings and thus it is free to act on the basis of what it regards as sufficient information even if it is hearsay. We reiterate that on the basis of the information it had with respect to Scott's mental state Allied Services would have been remiss if it had not required the medical examination.

The Order of December 23, 2010, will be affirmed.