**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-2785
_____

TRACIE GARDNER,
                                        Appellant

v.

ULTA SALON COSMETICS AND FRAGRANCE INC
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2-21-cv-03422)
District Judge: Honorable Gerald A. McHugh
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
January 19, 2024
_____

Before: HARDIMAN, MATEY, and PHIPPS, *Circuit Judges.*

(Filed: March 14, 2024)
_____

OPINION*
_____

_____

* This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

MATEY, *Circuit Judge*.

Tracie Gardner claims that her employer Ulta Salon Cosmetics and Fragrance Inc ("Ulta") terminated her due to her disability and age. But she sets forth no genuine dispute that her termination turned on these characteristics rather than her knowing violation of company policy. So we will affirm the District Court's decision to grant summary judgment to Ulta.

**I.**

Gardner began working as a Prestige Sales Manager at Ulta's Newton Square, Pennsylvania store when she was fifty-three years old. In February 2020, Gardner, age fifty-seven, signed a statement admitting to distributing to herself and others complimentary products from brand partners known as "gratis." The statement acknowledges that doing so violated Ulta's policy permitting only the General Manager, or an authorized employee, to distribute gratis to employees. Gardner disputes that policy and says Ulta employees had a practice of distributing gratis without approval.

On February 12, 2020, Gardner requested a leave of absence to begin on March 1, 2020, citing depression and anxiety. Ulta terminated Gardner's employment six days later following an investigation relating to the distributed gratis. A younger, non-disabled employee Vanessa Jones received a final written warning and was not terminated for violating the gratis policy by accepting gratis from Gardner. Jones did not know that her conduct violated the policy because she did not know that Gardner was not authorized to distribute gratis.

The District Court concluded that Gardner had not established a *prima facie* case for disability or age discrimination and found that any nondiscriminatory basis for her termination was not pretextual. The court granted summary judgment to Ulta, and Gardner now appeals.[1]

**II.**

Gardner's disability and age discrimination claims are analyzed under the burden-shifting framework of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *See Walton v. Mental Health Ass'n of Se. Pa.*, 168 F.3d 661, 667–68 (3d Cir. 1999) (disability discrimination); *Keller v. Orix Credit All., Inc.*, 130 F.3d 1101, 1108 (3d Cir. 1997) (en banc) (age discrimination). Under the *McDonnell Douglas* framework, the employee first bears the burden of production and must demonstrate a *prima facie* case of disability and age discrimination. *See Smith v. City of Allentown*, 589 F.3d 684, 689 (3d Cir. 2009).

To demonstrate a *prima facie* case of disability discrimination, the employee must show that 1) she is "a disabled person within the meaning of" the Americans with Disabilities Act (ADA); 2) she is "otherwise qualified to perform the essential functions of the job, with or without reasonable accommodations by the employer"; and 3) she "has suffered an otherwise adverse employment decision as a result of discrimination." *Gaul v. Lucent Techs. Inc.*, 134 F.3d 576, 580 (3d Cir. 1998). An age discrimination claim under

---

[1] The District Court had jurisdiction under 28 U.S.C. §§ 1331 and 1367, and we have jurisdiction under 28 U.S.C. § 1291. Our review of the District Court's decision to grant summary judgment is plenary, *Giles v. Kearney*, 571 F.3d 318, 322 (3d Cir. 2009), and summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law," Fed. R. Civ. P. 56(a).

the Age Discrimination in Employment Act (ADEA) requires that the employee show that 1) she is "at least forty years old"; 2) she "suffered an adverse employment decision"; 3) she was "qualified for the position in question"; and 4) she was "ultimately replaced by another employee who was sufficiently younger so as to support an inference of a discriminatory motive." *Willis v. UPMC Children's Hosp. of Pittsburgh*, 808 F.3d 638, 644 (3d Cir. 2015). "Where the [employee] is not directly replaced, the fourth element is satisfied if the [employee] can provide facts which 'if otherwise unexplained, are more likely than not based on the consideration of impermissible factors.'" *Id.* (quoting *Pivirotto v. Innovative Sys., Inc.*, 191 F.3d 344, 352 (3d Cir. 1999)).

If the employee satisfies these elements, the burden of production then "shifts to the employer to identify a legitimate non-discriminatory reason for the adverse employment action." *Smith*, 589 F.3d at 690. And if the employer identifies such a reason, "the burden of production returns to the [employee] to demonstrate that the employer's proffered rationale was a pretext" for disability or age discrimination. *Id.*

**A.**

Gardner has set forth no genuine dispute that her termination was motivated by any disability.[2] In particular, there is no evidence that the employees who recommended and approved Gardner's termination knew of her disability,[3] so no inference of

---

[2] The District Court assumed—which Ulta does not concede—that Gardner was disabled at the time of her termination. But it is undisputed that she was qualified to perform the essential functions of her position.

[3] Gardner maintains that the District Court should have considered her declaration in its summary judgment decision because it did not contradict her prior testimony. But even if Oswald knew of Gardner's alleged disability, as Gardner suggested in her

discrimination arises from Gardner's termination six days after her request for a leave of absence due to her alleged disability. *See Jones v. United Parcel Serv.*, 214 F.3d 402, 406 (3d Cir. 2000) ("It is, of course, an axiom of any ADA claim that the plaintiff be disabled and that the employer be aware of the disability."); *Rinehimer v. Cemcolift, Inc.*, 292 F.3d 375, 380 (3d Cir. 2002) ("[T]o establish discrimination because of a disability, an employer must know of the disability.").[4] So she has not demonstrated a *prima facie* case for disability discrimination.

Even if she had, Gardner has not shown that Ulta's reason for terminating her was pretextual. Jones was not "similarly situated" so Ulta's decisions concerning Jones does not support an inference of discrimination. *See Fuentes v. Perskie*, 32 F.3d 759, 765 (3d Cir. 1994). Jones testified that she did not know that Gardner was not authorized to distribute gratis, so her conduct was not a knowing violation of Ulta policy. The District Court did not err in granting summary judgment on this claim.

**B.**

As for age discrimination, Gardner has not shown that she was "ultimately replaced by another employee who was sufficiently younger so as to support an inference of a discriminatory motive," nor other evidence supporting such an inference.[5] *Willis*, 808

---

declaration, Oswald was not involved in making the decision to terminate Gardner, so whether she knew about any disability is immaterial.

[4] And any knowledge of the third-party company that Ulta used to administrate leave requests is not imputed to any employee who made the decision to terminate Gardner. *See Olson v. Gen. Elec. Astrospace*, 101 F.3d 947, 954 (3d Cir. 1996).

[5] The other elements of the *prima facie* case are met: 1) Gardner was fifty-seven years old when she violated Ulta's policy and was terminated; 2) her employment with

F.3d at 644. Gardner has not demonstrated a genuine dispute that Jones and other employees under forty years of age received different treatment so as to suggest a discriminatory motive. Gardner argues that Oswald had offered Gardner's position to two employees under forty years of age before Gardner was terminated. But Gardner relies on conjecture and speculation, testifying that she did not know who told her about one employee and that the other employee "alluded to something like that," but Gardner could not remember the details. App. 171. Although "we view the facts in the light most favorable to the nonmoving party, conjecture and speculation will not create a genuine issue of material fact sufficient to withstand the grant of summary judgment." *Wiest v. Tyco Elecs. Corp.*, 812 F.3d 319, 328 (3d Cir. 2016). Gardner's testimony is simply too speculative.[6]

---

Ulta was terminated; and 3) it is undisputed that she was qualified for her position as a Prestige Sales Manager.

[6] Gardner's remaining arguments support no inference that any Ulta employee discriminated against her based on her age. Gardner first contends that the record includes disputes of fact concerning whether Gardner violated Ulta's gratis policy, but Gardner admitted that she distributed the gratis, an Ulta employee's testimony that the surveillance footage did not show Gardner putting the gratis into bags for distribution does not create a genuine dispute that she distributed the gratis, and she sets forth no evidence that she was unaware that distributing the gratis violated Ulta's gratis policy, even if, as she claims, she was "not in a good mental state" when she admitted that she distributed the gratis. Opening Br. 20. Gardner next argues that Ulta had "in effect lulled [her] into believing that it did not strictly enforce the gratis policy," Opening Br. 20, but Gardner has not shown what Ulta did to "lull[]" her into this belief and offers no evidence that any "strict[] enforce[ment]" of the policy was motivated by her age. And her arguments that there was no General Manager assigned to the store when Gardner distributed the gratis and that Gardner "simply followed the practice she had done many times before" is unavailing. Opening Br. 20. Violating a company policy—even if done previously without termination—is a valid, nondiscriminatory basis for terminating employment.

Even if she had established a *prima facie* case of age discrimination, Gardner has not shown that Ulta's reason for terminating her—knowingly violating company policy—was pretextual. *See Fuentes*, 32 F.3d at 765. Gardner and Jones engaged in different conduct with different knowledge of Ulta policy. Gardner has not demonstrated a *prima facie* case of age discrimination, nor a genuine dispute that Ulta's reason for terminating her was pretextual.

\* \* \*

For these reasons, we will affirm the District Court's decision.