**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-1530
_____

KELLY J. VAY,
            Appellant

v.

ROBERT HUSTON, Administrator, Laboratory Director
of the Office of the Medical Examiner of Allegheny;
STEPHEN PILARSKI, former Administrator of the Office
of the Medical Examiner of Allegheny County and currently
Deputy Manager of Allegheny County in his individual capacity;
MICHAEL BAKER, former Manager of Morgue Operations,
in his individual capacity;
MICHAEL CHICHWAK, Manager of Investigations,
in his individual capacity; ALLEGHENY COUNTY OF PENNSYLVANIA
_____

On Appeal from the United States District Court for the
Western District of Pennsylvania
(W.D. Pa. No. 2-14-cv-00769)
District Judge:  Honorable Mark A. Kearney

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
February 5, 2018

Before:  CHAGARES, SCIRICA, and COWEN, <u>Circuit</u> <u>Judges</u>.

(Filed: February 23, 2018)

_____

OPINION*
_____

_____

    * This disposition is not an opinion of the full court and, pursuant to I.O.P. 5.7,
does not constitute binding precedent.

CHAGARES, Circuit Judge.

Plaintiff Kelly Vay brought this action for harassment and discrimination on the basis of sex, in violation of Title VII of the Civil Rights Act, 42 U.S.C. §§ 2000e, et seq., and the Pennsylvania Human Relations Act ("PHRA"), 43 Pa. Stat. §§ 952-63, against Robert Huston, Stephen Pilarski, Michael Baker, Michael Chichwak, and Allegheny County (collectively, the "defendants"), stemming from her former employment as a forensic investigator in the Allegheny County Medical Examiner's Office. After a seven day trial, the jury returned a verdict in favor of the defendants. Vay appeals, seeking a new trial and contending that the District Court abused its discretion in making a number of evidentiary rulings. We disagree, and so we will affirm.

## I.[1]

We write solely for the parties and therefore recite only the facts necessary to our disposition. Vay was employed as a forensic investigator in the Allegheny County Office of the Medical Examiner from 2009 through 2014. On December 3, 2013, Vay was placed on administrative leave, which lasted until April 2014, during the pendency of an investigation by the District Attorney's Office. Vay was then on medical leave from April through December 2014. When she refused to return to work, the County terminated Vay's employment on December 16, 2014.

---

[1] Because the jury returned a verdict in the defendants' favor, we set forth the facts in the light most favorable to them. See Watson v. Se. Pa. Transp. Auth., 207 F.3d 207, 211 n.2 (3d Cir. 2000).

Vay brought this action in June 2014, alleging that Vay and other women at the Medical Examiner's Office were mistreated because of their gender. Vay then filed an amended complaint after her employment was terminated. The matter proceeded to trial in early 2017. During the course of trial, Vay produced evidence of disciplinary actions taken against her during her time at the Medical Examiner's Office that she contends were motivated by her gender. During trial, the defendants produced testimony detailing Vay's unprofessional behavior, insubordination, and resulting discipline during the course of her employment. They also produced the testimony of Assistant County Solicitor Jacob Lifson, who testified that a decision was made to place Vay on administrative leave during the pendency of an ongoing criminal investigation by the District Attorney's Office into the leak of information in a high profile homicide case.

After a seven day trial, the jury returned a verdict for defendants. This timely appeal followed.

## II.

The District Court had jurisdiction pursuant to 28 U.S.C. § 1331. We have jurisdiction pursuant to 28 U.S.C. § 1291.

We exercise plenary review over the District Court's interpretation of the Federal Rules of Evidence. United States v. Duka, 671 F.3d 329, 348 (3d Cir. 2011). We review the District Court's application of the Rules and its decisions to admit or exclude evidence for abuse of discretion, id., and "[w]e will only reverse if we find the District Court's error was not harmless," Donlin v. Philips Lighting N. Am. Corp., 581 F.3d 73, 80 (3d Cir. 2009). We will not overturn a jury verdict "unless the record is critically deficient of that

3

quantum of evidence from which a jury could have rationally reached its verdict." <u>Swineford v. Snyder Cty.,</u> 15 F.3d 1258, 1265 (3d Cir. 1994).

III.

Vay contends that the District Court abused its discretion by: (1) permitting testimony from defense witnesses about whether a criminal investigation by the District Attorney's Office into Vay motivated a decision to place her on administrative leave; (2) limiting the cross-examination on the bias of a defense witness; (3) refusing to permit Vay to take the stand a second time to rebut that same defense witness; and (4) excluding some comparator witnesses when it ruled that they were not similarly situated to Vay. We will address each of these issues in turn.

A.

Vay argues that the District Court abused its discretion by permitting testimony establishing that Vay was placed on administrative leave due to a criminal investigation by the District Attorney's Office. Vay argues that this evidence should have been excluded pursuant to Rules 403 and 802 of the Federal Rules of Evidence. Vay argues that this evidence was hearsay and that it was prejudicial because it might have confused the jury and painted her as a criminal.

Hearsay is any statement offered at trial by someone other than the declarant for the purpose of proving the truth of the matter asserted. Fed. R. Evid. 801(c). Here, the challenged testimony was offered to explain the reason that motivated the defendants' decision to place Vay on administrative leave, not to prove the truth of whether in fact

4

she was under investigation. As such, it was not hearsay. Rinehimer v. Cemcolift, Inc., 292 F.3d 375, 383 (3d Cir. 2002).[2]

Rule 403 provides that "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Rule 403 "creates a presumption of admissibility." United States v. Claxton, 766 F.3d 280, 302 (3d Cir. 2014). Typically, "we exercise great restraint in reviewing a district court's ruling on the admissibility of evidence under Rule 403." Gov't of Virgin Islands v. Archibald, 987 F.2d 180, 186 (3d Cir. 1993). The District Court did not err in admitting this evidence. Vay put at issue the reason behind the decision to place her on administrative leave, as she claimed that it was due to gender discrimination and retaliation. Thus, the County's explanation for its decision was highly probative. Additionally, the District Court issued a limiting instruction specifically addressing out of court statements not offered for the truth of the matter asserted. This mitigated the potential prejudicial effect of the evidence. Rinehimer, 292 F.3d at 383. Accordingly, the District Court did not err in finding that the probative value of this evidence was not substantially outweighed by the potential for prejudice.

B.

---

[2] Vay also argues that this evidence is inadmissible unless the ultimate county decisonmaker, County Manager Willy McKain, was the one to provide the testimony. However, the witness that did testify, Assistant County Solicitor Jacob Lifson, was personally aware of and involved in the decision to place Vay on administrative leave. As such, he was competent to testify. See Fed. R. Evid. 602.

5

Vay next argues that the District Court abused its discretion in limiting her counsel's cross-examination of Lifson on his bias due to his past romantic interest in Vay. The District permitted Vay's counsel to ask Lifson whether he had past romantic interest in Vay. Vay contends that this was not sufficient for her to establish bias because she wanted to question whether he had a sexual interest in her, elicit certain statements that Vay claims he had made to her, and elicit testimony that Vay had rejected his advances. The District Court did permit cross-examination of Lifson on other topics, including other areas of his potential bias.

"[W]hether a trial court has abused its discretion in limiting the cross-examination of a witness for bias depends on 'whether the jury had sufficient other information before it, without the excluded evidence, to make a discriminating appraisal of the possible biases and motivation of the witnesses.'" United States v. Chandler, 326 F.3d 210, 219 (3d Cir. 2003) (quoting Brown v. Powell, 975 F.2d 1, 4 (1st Cir. 1992)). We have held that "the district court may properly exercise its discretion in this area by imposing reasonable limits on the scope of cross-examination, weighing such factors as undue prejudice, relevancy, and delay due to repetition." Douglas v. Owens, 50 F.3d 1226, 1230 (3d Cir. 1995).

The District Court did not abuse its discretion by limiting the cross-examination of Lifson. Vay was permitted some cross-examination on the issue of Lifson's potential bias due to his romantic interest in Vay, and elicited testimony to that effect. See id. ("[A] party is guaranteed 'only an opportunity for effective cross-examination, not cross-examination that is effective in whatever way, and to whatever extent, the defense might wish.'" (quoting Kentucky v. Stincer, 482 U.S. 730, 739 (1987) (quotation marks omitted))).

Once that bias was elicited, it was not an abuse of discretion for the District Court to decline to permit further cross-examination on that topic. See id. Further, there was no doubt that Lifson's bias had been shown as the District Court stated, in the presence of the jury, that "bias has been established." Appendix ("App.") 1974-75. Accordingly, we will affirm the District Court's ruling.

C.

Vay next argues that the District Court erred by not permitting her to take the stand a second time to offer rebuttal testimony on the topic of Lifson's bias. After Lifson was cross-examined on his romantic interest in Vay, Vay sought to take the stand to offer rebuttal testimony that Lifson had flirted with her. Vay had previously testified during her case-in-chief, so the District Court did not permit her to testify in rebuttal of Lifson. Vay contends that this was an abuse of discretion. We disagree.

We have held that the "purpose of rebuttal testimony is to explain, repel, counteract or disprove the evidence of the adverse party." United States v. Chrzanowski, 502 F.2d 573, 576 (3d Cir. 1974). "The admissibility of evidence in rebuttal is committed to the discretion of the trial judge." Id. Typically, "a party's right to impeach the credibility of the opposing party's witness is limited to the questioning of that witness on cross examination." United States v. Rockwell, 781 F.2d 985, 989 (3d Cir. 1986). We will not reverse a District Court's decision on rebuttal evidence "in the absence of gross abuse of discretion." Chrzanowski, 502 F.2d at 576.

Here, the District Court did not abuse its discretion by denying Vay the opportunity to take the stand to offer more evidence attacking Lifson's credibility, when she had already

7

taken the stand in her case-in-chief. We have held that "evidence which properly belongs in the case-in-chief but is first introduced in rebuttal may be rejected, so as to avoid prejudice to the defendant and to ensure the orderly presentation of proof." Emerick v. U.S. Suzuki Motor Corp., 750 F.2d 19, 22 (3d Cir. 1984). As the District Court observed, Vay and her counsel were aware of this testimony and its potential relevance and could have brought it out in the direct examination of Vay. Thus, the District Court did not abuse its discretion by enforcing this rule against Vay.

D.

Finally, Vay argues that the District Court abused its discretion by excluding some of her comparator evidence. The District Court ruled in a motion in limine that Jimmy Johnson, Anthony Bofo, Curtis Williams, Edmond Nelson, and Tom Jakiela were not proper comparators because they were not similarly situated to Vay. In that same ruling, the District Court observed that Vay was not prohibited from offering the same evidence for an otherwise admissible purpose. Vay contends that the District Court erred by excluding this evidence. We disagree.

In a discrimination case, a plaintiff may offer comparator evidence, which is evidence "that the employer has treated more favorably similarly situated persons not within the protected class." Simpson v. Kay Jewelers, Div. of Sterling, Inc., 142 F.3d 639, 645 (3d Cir. 1998). We have held that "[t]he plaintiff has the burden of demonstrating that similarly situated persons were treated differently." Id. In determining whether employees are similarly situated, we take into account factors such as the employees' work responsibilities and supervisors, the nature of the misconduct, and "the particular criteria or qualifications

8

identified by the employer as the reason for the adverse action." Id. at 647; see also Lee v. Kan. City S. Ry. Co., 574 F.3d 253, 259-61 (5th Cir. 2009); Burks v. Wis. Dep't of Transp., 464 F.3d 744, 751 (7th Cir. 2006).

Here, the District Court did not abuse its discretion in holding that these individuals did not commit violations of equal seriousness to those of Vay and were thus not similarly situated to her. Bofo was a supervisor who had a different position and responsibilities than did Vay, and there was no evidence that he engaged in comparable misconduct. As to Williams, the supervisor to whom he was insubordinate was not a management-level employee with the authority to discipline Williams, and the other evidence of his misconduct was of a different nature than that of Vay's. In addition, Nelson engaged in dissimilar misconduct. Vay was disciplined for destruction of County property when she broke a hole into a wall. Nelson then wrote a message next to the hole; he was ordered to remove the writing, but was not otherwise disciplined. Finally, there was no evidence that Johnson or Jakiela engaged in comparable misconduct, as they did not swear at the same, relevant management-level employees. Cf. Mandel v. M & Q Packaging Corp., 706 F.3d 157, 170 (3d Cir. 2013). Further, any error would be harmless. Vay was permitted to, and did, present other comparator evidence.

IV.

For the foregoing reasons the District Court did not err in denying Vay's motion for a new trial. The judgment of the District Court will be affirmed.