**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-2065
_____

JAMES E. HITCH,
                                    Appellant

v.

THE FRICK PITTSBURGH
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 2-22-cv-01801)
District Judge:  Honorable William S. Stickman, IV
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
on March 12, 2024

Before:  BIBAS, MONTGOMERY-REEVES, and ROTH, *Circuit Judges*.

(Opinion filed: May 17, 2024)
_____

OPINION[*]
_____

---

[*]This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

MONTGOMERY-REEVES, *Circuit Judge.*

After the Frick Pittsburgh (the "Frick") terminated James E. Hitch, he sued, alleging that the Frick discriminated and retaliated against him in violation of the Americans with Disabilities Act (the "ADA") and the Pennsylvania Human Relations Act (the "PHRA"). The District Court dismissed Hitch's complaint for failure to state a claim. For the reasons below, we will affirm.

## I.    BACKGROUND[1]

Hitch began working as an operations manager for the Frick in December 2020. On February 4, 2021, Hitch slipped on black ice at work, injuring his back, legs, and spine. As a result of this fall, Hitch had back surgery in June 2021. After the fall, "[Hitch] asked for reasonable accommodations[,] which he never received." App. 131. Then, the Frick fired Hitch. According to Hitch, the Frick fired him "because he exercised his right to equal treatment under the law by reporting his serious disability to [the Frick] and requesting reasonable accommodations for the same." App. 133. Hitch received a right-to-sue letter from the Equal Employment Opportunity Commission (the "EEOC") before filing his complaint.

Hitch's complaint alleges that the Frick discriminated against him because he was disabled and retaliated against him for requesting reasonable accommodations, in violation of the ADA and the PHRA. The Frick moved to dismiss Hitch's complaint,

---

[1] We write for the benefit of the parties and recite only essential facts. Hitch's operative complaint is his Second Amended Complaint filed on February 15, 2023.

arguing that Hitch failed to state a claim for relief.  The District Court granted the motion

to dismiss the discrimination claims and denied the motion to dismiss the retaliation

claims.  In analyzing the retaliation claims, the District Court concluded that Hitch

insufficiently pleaded that he engaged in a protected activity under the ADA and the

PHRA.  But the District Court inferred that Hitch's receipt of a right-to-sue letter from

the EEOC indicated that Hitch filed an EEOC charge, which is a protected activity.

The Frick moved for reconsideration.  The Frick argued that the EEOC charge

could not establish the requisite protected activity because Hitch did not file his EEOC

charge until about two months after he was terminated.  Therefore, the EEOC charge did

not allege that Hitch engaged in a protected activity contemporaneous with his

termination.  The District Court agreed and reiterated that the complaint's other relevant

allegations were conclusory and thus insufficient to allege that Hitch engaged in any

protected activity.  The District Court granted the motion to dismiss the retaliation

claims.

Hitch timely appealed the District Court's order granting the motion for

reconsideration and dismissing his retaliation claims.[2]

---

[2] The EEOC filed an amicus brief in which it asserts that Hitch also appeals the District
Court's order dismissing Hitch's discrimination claims and explains why this ruling
purportedly was erroneous.  Hitch does not appear to appeal this ruling, however.
Hitch's brief is devoted to his retaliation claims, save for one sentence listing the
elements of a discrimination claim.  Moreover, even if we were to construe this sentence
as challenging the dismissal of Hitch's discrimination claims, we would deem that
argument forfeited because it is a passing reference without any developed legal
argument. *See United States v. Savage*, 970 F.3d 217, 280 n.70 (3d Cir. 2020)
(explaining that a party forfeits review of an issue if his brief makes only a "passing

3

## II. DISCUSSION[3]

To resolve this appeal, we must determine whether the District Court erred in dismissing Hitch's retaliation claims under the ADA and the PHRA. When ruling on a motion to dismiss, a court must accept as true all well-pleaded facts and allegations and must draw all reasonable inferences in favor of the plaintiff. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[A] pleading [must] . . . show 'more than a sheer possibility that a defendant has acted unlawfully.'" *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016) (quoting *Iqbal*, 556 U.S. at 678). "A complaint that pleads facts merely consistent with a defendant's liability stops short of the line between possibility and plausibility of

---

reference" to it (first citing *United States v. Hoffecker*, 530 F.3d 137, 162–63 (3d Cir. 2008); and then citing *United States v. Pelullo*, 399 F.3d 197, 222 (3d Cir. 2005))).

[3] The District Court had jurisdiction over this case under 28 U.S.C. § 1331. We have jurisdiction over this appeal under 28 U.S.C. § 1291. "We generally review a district court's [grant] of reconsideration for abuse of discretion." *Wiest v. Lynch*, 710 F.3d 121, 128 (3d Cir. 2013) (citing *Max's Seafood Cafe v. Quinteros*, 176 F.3d 669, 673 (3d Cir. 1999)). "An 'errant conclusion of law, an improper application of law to fact, or a clearly erroneous finding of fact' may result in an abuse of discretion." *Id.* (quoting *McDowell v. Phila. Hous. Auth.*, 423 F.3d 233, 238 (3d Cir. 2005)). Because the propriety of the District Court's decisions to grant the motion for reconsideration and dismiss the retaliation claims both hinge on the purely legal question of whether Hitch adequately alleged plausible claims for relief, we apply the de novo standard of review on appeal. *See id.* ("Because the issue here is whether the District Court applied the correct legal standard to a [statutory] claim . . ., our review is plenary regardless of whether we review the District Court's application of the standard in its initial dismissal Order or its subsequent Order denying reconsideration.").

entitlement to relief." *Id.* (cleaned up).

We engage in a three-step process to determine whether Hitch adequately pleaded a plausible claim for relief. *See id.* at 786–87. First, we note the elements that Hitch must plead to state a claim. *Id.* at 787. Second, we "identify [Hitch's] allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.'" *Id.* (quoting *Iqbal*, 556 U.S. at 679) (citing *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 224 (3d Cir. 2011) ("Mere restatements of the elements of a claim are not entitled to the assumption of truth.")). Third and finally, if any well-pleaded factual allegations remain, we "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* (quoting *Iqbal*, 556 U.S. at 679).

Beginning with the first step, to state a retaliation claim under the ADA or the PHRA, Hitch must adequately plead that: (1) Hitch engaged in protected activity; (2) the Frick took adverse action against Hitch either after or contemporaneous with his protected activity; and (3) a causal connection exists between Hitch's protected activity and that adverse action.[4]

---

[4] *Canada v. Samuel Grossi & Sons, Inc.*, 49 F.4th 340, 346 (3d Cir. 2022) (quoting *Daniels v. Sch. Dist. of Phila.*, 776 F.3d 181, 193 (3d Cir. 2015)); *see also* 42 U.S.C. § 12203(a) (providing that "No person shall discriminate against any individual because . . . such individual made a charge . . . under [the ADA]" and making it unlawful for an employer to retaliate against an employee because the employee requested an accommodation).

Because the relevant portions of the ADA and PHRA are "basically the same," "Pennsylvania courts generally interpret the PHRA in accord with [the ADA]," and the elements of a retaliation claim under the PHRA and the ADA are the same. *Rinehimer v. Cemcolift, Inc.*, 292 F.3d 375, 382 (3d Cir. 2002) (cleaned up).

For the first element, Hitch argues that he engaged in a protected activity when he requested an accommodation for an alleged disability. We have held that requesting a reasonable accommodation for a disability is a protected activity under the ADA. *Shellenberger v. Summit Bancorp, Inc.*, 318 F.3d 183, 191 (3d Cir. 2003). Hitch relies on the following allegations to show that he engaged in protected activity:

- "[Hitch] asked for reasonable accommodations[,] which he never received." App. 131;

- "[Hitch] requested reasonable accommodations to do his job[,] which were denied to him." App. 132; and

- "[The Frick] retaliated against [Hitch] because . . . [Hitch] request[ed] reasonable accommodations for [his alleged disability]." App. 133.

Turning to the second step, we consider whether these allegations are conclusory such that they are not entitled to the assumption of the truth. The ADA and the PHRA prohibit an employer from retaliating when an employee engages in a protected activity, which includes requesting an accommodation. So when Hitch pleads, without elaboration, that he "requested a reasonable accommodation" for his alleged disability, Hitch has pleaded nothing more than that he engaged in a protected activity. That is, Hitch's allegations—that he notified the Frick of his alleged disability and requested a reasonable accommodation, without more—"paraphrase in one way or another" the legal conclusion that he engaged in protected activity and, thus, has satisfied the relevant element of his claims.[5] *Connelly*, 809 F.3d at 790. But allegations of discrimination that

_____

[5] The EEOC's amicus brief asserts that Hitch's allegation that he "asked for reasonable accommodations" is not a recitation of the element that he "engaged in protected

6

"resemble a formulaic recitation of the elements of a claim or other legal conclusion" are conclusory. *Id.* at 789–90 (cleaned up). Because Hitch's allegations are conclusory, we exclude them from our analysis. *Id.* at 786–87; *see also Fowler v. UPMC Shadyside*, 578 F.3d 203, 210–11 (3d Cir. 2009).

In the third, and final, step, we consider any remaining allegations regarding the protected-activity element of Hitch's retaliation claims. But once we exclude the conclusory allegations, no other allegations relate to the protected-activity element of his claims. Thus, Hitch has failed to set out "'sufficient factual matter' to show that [his] claim[s] [are] facially plausible" because, after excluding the conclusory allegations, Hitch failed to state *any* facts showing that he engaged in protected activity. *Fowler*, 578 F.3d at 210–11 (citing *Iqbal*, 556 U.S. at 677). Hitch cannot state a retaliation claim without plausibly alleging that he engaged in protected activity, *see, e.g.*, *Canada*, 49 F.4th at 346, so his complaint fails to plausibly allege those claims for relief.

Hitch's arguments to the contrary are unconvincing. First, Hitch points to *Shellenberger* to support his argument that his pleading is adequate. 318 F.3d at 183. But *Shellenberger* focused on whether the plaintiff put forth sufficient evidence to establish a causal connection between her protected activity and the adverse employment action that she suffered, not whether the plaintiff engaged in a protected activity. *See id.* at 188–89. True, *Shellenberger* held that an employee need not be "disabled" under the

---

activity." Amicus Br. 10–12. But the EEOC has not supported its position with any binding authority.

ADA to engage in the protected activity of making a good-faith request for an accommodation. *Id.* at 190–91 ("[T]he absence of a disability does not translate into an absence of protection under the ADA. The right to request an accommodation in good faith is no less a guarantee under the ADA than the right to file a complaint with the EEOC, and we have already explained that the ADA protects one who engages in the latter activity without regard to whether the complainant is 'disabled.'"). That holding does not help Hitch show that he adequately pleaded the protected-activity element of his retaliation claims, however, as Hitch failed to include *any* non-conclusory allegations that he engaged in a protected activity. Thus, on its face, *Shellenberger* does not explain why Hitch's pleading is adequate.[6] And Hitch has not made that connection for us.

Next, Hitch relies on facts that do not appear in his complaint to show that he adequately alleged that he engaged in protected activity. For example, Hitch asserts that "[h]e requested reasonable accommodations the same day he was injured by filling out a form at work." Opening Br. 7. As discussed above, Hitch's complaint includes a conclusory allegation that "he exercised his right to equal treatment under the law by reporting his serious disability to [the Frick] and requesting reasonable accommodations

---

[6] In any event, *Shellenberger's* analysis of causation is inapposite. The plaintiff in that case filed an EEOC charge *before* she was terminated. *See* 318 F.3d at 188–89. So it was possible for the employer to have considered that protected activity before taking that adverse action. The same thing cannot be said here: Hitch filed his EEOC charge months *after* he was terminated. And Hitch does not explain how an event that occurred months after he was fired could have factored into that decision. Thus, *Shellenberger* offers no support for Hitch's suggestion that his *post*-termination EEOC charge was a protected activity relevant to his retaliation claims.

8

for the same." App. 133. The complaint does not allege, however, that Hitch made this purported request on the day that he was injured or mention that he filled out a form at work. Thus, Hitch appears to be relying on facts that appear nowhere in his complaint to show that he adequately pleaded his claims, which he may not do. *See, e.g., Iqbal*, 556 U.S. at 678 ("To survive a motion to dismiss, *a complaint* must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" (emphasis added) (quoting *Twombly*, 550 U.S. at 570)).

Finally, Hitch devotes the remaining portions of his briefing to arguments that do not change our analysis. For example, Hitch argues that he has provided evidence sufficient to overcome any legitimate reason for his termination and that any legitimate reason that the Frick offered would be pretextual. But we fail to see how pretext has anything to do with whether Hitch plausibly alleged that he engaged in a protected activity.[7]

Accordingly, we agree with the District Court that Hitch has failed to adequately plead the protected-activity element of his retaliation claims. Thus, the District Court did not err in granting the motion for reconsideration and dismissing Hitch's retaliation claims.

III.   **CONCLUSION**

For the reasons discussed above, we will affirm the District Court's judgment.

---

[7] Hitch also cites several District Court cases at the end of his briefing, without further elaboration or argument. We have reviewed these cases, but they do not support Hitch's arguments.